**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| WESTERN HIGHLAND MORTGAGE FUND I, LLC, <br><br>    Plaintiff,<br><br>vs.<br><br>TAHOE REGIONAL PLANNING AGENCY, *et al.*,<br><br>    Defendants. | 3:11-cv-00444-ECR-WGC <br><br><br><br> **Order** |

## I. Background

This matter involves real property located at 2190 Lands End Road, Glenbrook, Douglas County, Nevada ("Parcel 009") and 2204 Lands End Road, Glenbrook, Douglas County, Nevada ("Parcel 008"). (Compl. ¶ 1 (#1-1).) Parcel 009 and Parcel 008 are referred to collectively as the "Property." (Id.) Plaintiff Western Highland Mortgage Fund I, LLC ("WHMF-I") is a lender doing business in Douglas County, Nevada. (Id. ¶ 2.) Defendant Tahoe Regional Planning Agency ("TRPA") is an agency that manages and controls land use and development in the Lake Tahoe area, including portions of Douglas County, Nevada. (Id. ¶ 3.) Defendant CitiMortgage, Inc. is a lender doing business in Douglas County, Nevada. (Id. ¶ 4.) Defendants Chad Smittkamp and Jean Merkelbach, individually and as Trustees of the Rockwell 1997 Trust, Jean Merkelbach as Trustee of

the SES Trust, Rockwell Lot, LLC, are either present owners of all or a portion of the Property or have an interest in an entity that is a present or former owner of all or a portion of the Property. (Id. ¶ 5.)  In September 2000, Defendants Smittkamp and Merkelbach, or Smittkamp and Merkelbach as Trustees of the Rockwell Trust, were owners of the Property.  (Id. ¶ 7.)

On September 19, 2000, in a lawsuit identified as Case No. 99-CV-00305-DC and captioned as Harvey v. Smittkamp, et. al., the Ninth Judicial District Court entered a Stipulation and Order in accordance with the parties' agreement to create Parcel 008 (or fourth parcel, "Fourth Parcel"). (Id. ¶¶ 7-8.)  Prior to the Harvey v. Smittkamp Order, Parcel 008 was a part of Parcel 009. (Id. ¶ 9.) The Harvey v. Smittkamp Order split the Property into two parcels: (1) Parcel 008; and (2) Parcel 009.  (Id.)  The Harvey v. Smittkamp Order and record of survey attached thereto were recorded in the Official Records of the Douglas County Recorder on December 19, 2000.  (Id.)  Following the recordation, the Douglas County Assessor identified Parcel 008 as APN: 1418-03-301-008 and continued to identify the remaining portion of Parcel 009 as APN: 1418-03-301-009.  (Id. ¶ 11.)  The Douglas County Assessor also assessed Parcel 008 and Parcel 009 to collect taxes for the Douglas County Treasurer.  (Id. ¶ 12.)

In November 2003, title to Parcel 008 and Parcel 009 was vested in Smittkamp and Merkelbach as Trustees of the Rockwell Trust. (Id. ¶ 13.)  On or about November 12, 2003, Smittkamp and Merkelbach as Trustees of the Rockwell Trust obtained a loan from Novasel & Schwarte Investments, Inc. d/b/a Western Highland Mortgage Company

2

("WHM") in the original principal amount of $252,000 (the "WHM Loan"). (Id.)  The WHM Loan was secured by a deed of trust against Parcel 008, which was recorded in the Official Records of the Douglas County Recorder on November 14, 2003, in book 1103 on page 06825 as document 0596838 (the "WHM 008 Deed of Trust"). (Id. ¶ 14.) The WHM Loan was also secured by a deed of trust against Parcel 009, which was recorded in the Official Records of the Douglas County Recorder on November 14, 2003, in book 1103 on page 06823 as document 0596837 (the "WHM 009 Deed of Trust").  (Id. ¶ 15.)

WHM and Defendants Smittkamp and Merkelbach as Trustees of the Rockwell Trust entered into a release agreement under the terms of which WHM agreed to release the WHM Deed of Trust as a lien against Parcel 009 when the WHM Loan was secured by a first deed of trust against Parcel 008 (the "Release Agreement"). (Id. ¶ 17.)  A copy of the Release Agreement was recorded as an attachment to the recorded WHM 009 Deed of Trust. (Id.)

On March 9, 2004, Smittkamp and Merkelbach as Trustees of the Rockwell Trust obtained a mortgage loan from Washington Mutual Bank ("WAMU") in the principal amount of $2,500,000 plus interest per annum (the "2004 WAMU Loan").  (Id. ¶ 18.)  The 2004 WAMU Loan was secured by a deed of trust against Parcel 009, which was recorded in the Official Records of the Douglas County Recorder on March 16, 2004, in book 0304 on page 07479 as document 0607343 (the "2004 WAMU Deed of Trust").  (Id.)  The 2004 WAMU Deed of Trust was recorded in a priority position junior and subordinate to the WHM 009 Deed of Trust, which was recorded several months earlier.  (Id.)

3

On March 24, 2004, a partial reconveyance of the WHM 009 Deed of Trust was recorded in the Official Records of the Douglas County Recorder (the "Partial Reconveyance"). (Id. ¶ 20.) The Partial Reconveyance was recorded based on the belief that the recordation of the Harvey v. Smittkamp Order created a legal parcel (Parcel 008), and that the WHM Loan was secured by a first deed of trust against Parcel 008. (Id.) Plaintiff alleges that WHM recorded the Partial Reconveyance (instead of a full reconveyance) with the intent that if the Harvey v. Smittkamp Order did not create a legal parcel, Parcel 008 would revert back to being a part of Parcel 009 and the WHM 009 Deed of Trust would continue (or be reinstated) as a lien on Parcel 009 with the same priority that it had prior to recordation of the Partial Reconveyance. (Id.)

On January 27, 2005, Defendants Smittkamp and Merkelbach obtained a loan (the "CitiMortgage 1/27/05 Loan") from Defendant CitiMortgage, and executed a deed of trust in favor of CitiMortgage, which recorded against Parcel 009 on February 1, 2005 (the "CitiMortgage 2/1/05 Deed of Trust"). (Id. ¶ 21.)  On April 20, 2005, Smittkamp and Merkelbach obtained a second loan from CitiMortgage (the "CitiMortgage 4/20/05 Loan"). (Id. ¶ 22.) A deed of trust in favor of CitiMortgage was recorded against Parcel 009 on April 29, 2005 (the "CitiMortgage 4/29/05 Deed of Trust"). (Id.) The CitiMortgage 2/1/05 Deed of Trust was subsequently replaced by a deed of trust recorded against Parcel 009 on December 6, 2005 (the "CitiMortgage 12/6/05 Deed of Trust"). (Id. ¶ 23.)  A subordination agreement was subsequently recorded against Parcel 009, which

4

subordinated the CitiMortgage 4/29/05 Deed of Trust to the CitiMortgage 12/6/05 Deed of Trust. (Id.)

On October 30, 2006, Smittkamp and Merkelbach as Trustees of the Rockwell Trust obtained a loan from Plaintiff WHMF-I in the original principal amount of $500,000 (the "WHMF-I Loan"). (Id. ¶ 24.) The WHMF-I Loan was secured by a deed of trust executed by Smittkamp and Merkelbach as Trustees of the Rockwell Trust in favor of WHMF-I (the "WHMF-I Deed of Trust"), which was recorded in the Official Records of the Douglas County Recorder on or about November 2, 2006. (Id.) One of the primary purposes of the WHMF-I Loan was to refinance the WHM Loan. (Id. ¶ 26.) Proceeds from the WHMF-I Loan paid off the entire unpaid balance of the WHM Loan, and discharged the deeds of trust which secured the WHM Loan. (Id.) Plaintiff WHMF-I alleges that Smittkamp and Merkelbach represented that Parcel 008 was a legal parcel, and WHMF-I relied on this representation based on the recordation of the Harvey v. Smittkamp Order. (Id. ¶ 28.)

The WHMF-I Loan closed on November 2, 2006. Several years later, WHMF-I discovered that while the Douglas County Assessor recognizes Parcel 008 as a legal parcel, Defendant TRPA does not recognize Parcel 008 as a legal parcel. (Id. ¶ 28.) As a result, a controversy exists regarding the creation of Parcel 008 and whether recordation of the Harvey v. Smittkamp Order created a legal parcel. (Id.) Plaintiff requests resolution of this issue, and asks that if Parcel 008 is not a legal parcel, the Court rescind the Harvey v. Smittkamp Order to restore the Property to its former state as one

5

parcel instead of two and provide for attachment of liens against Parcel 008 and Parcel 009 to the Property. (Id. ¶ 31.)

On May 17, 2011, WHMF-I filed this action in the Ninth Judicial District Court for Douglas County, Nevada, alleging causes of action for: (1) declaratory judgment/determination of property status; (2) alternatively, declaratory relief/equitable subrogation. On June 22, 2011, TRPA removed (#1) the action to this Court. On August 16, 2011, Merkelbach filed a Cross-Claim against TRPA alleging that the construction of a single family residence on Parcel 008 will not violate the intent and purpose of the TRPA'S regional plan nor harm the environment. (Cross-Claim ¶ 21 (#24).) Merkelbach argues that by its action and conduct in failing to recognize Parcel 008 as a legal parcel of record, TRPA has caused Merkelbach to suffer damages in excess of $50,000. (Id. ¶ 22.) Merkelbach requests that the Court order TRPA to recognize Parcel 008 because the TRPA has acted in such a form and fashion so as to be bound by the Harvey v. Smittkamp Order. (Id. ¶ 24.)

On October 12, 2011, TRPA filed its Motion for Judgment on the Pleadings (#38). On October 31, 2011, Merkelbach, individually, as Trustee of the Rockwell 1997 Trust, as Trustee of the SES Trust and Rockwell Lot, LLC, filed her response (#43). On October 31, 2011, WHMF-I filed its response (#46). On October 10, 2011, TRPA filed its Reply (#52) to Merkelbach's Opposition (#43), and a second Reply (#53) in response to WHMF-I's Opposition (#46).

On October 13, 2011, CitiMortgage filed its Motion to Dismiss (#40). On November 1, 2011, WHMF-I filed its response (#48). On November 14, 2011, CitiMortgage filed its reply (#55).

6

## II. TRPA's Motion for Judgment on the Pleadings (#38)

### A. Legal Standard

After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. FED. R. CIV. P. 12(c). "A judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." Milne ex rel. Coyne v. Stephen Slesinger, Inc., 430 F.3d 1036, 1042 (9th Cir. 2005) (internal quotation marks omitted).

The standard applied on a Rule 12(c) motion is similar to that standard which is applied on Rule 12(b)(6) motions. See Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989). As with Rule 12(b)(6) motions, review on a motion pursuant to Rule 12(c) is normally limited to the pleadings. See Lee v. City of L.A., 250 F.3d 668, 688 (9th Cir. 2001). The Court should assume the allegations of the non-moving party to be true and construe them in the light most favorable to the non-moving party, and the moving party must clearly establish that no material issue of fact remains to be resolved. McGlinchey v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988). Without more, "conclusory allegations . . . are insufficient" to defeat a motion for judgment on the pleadings. Id.

If the district court relies on materials outside the pleadings in making its ruling, it must treat the motion to dismiss as one for summary judgment and give the non-moving party an opportunity to respond. FED. R. CIV. P. 12(d); see United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider

7

certain materials — documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice — without converting the motion . . . into a motion for summary judgment." Ritchie, 342 F.3d at 908.

**B. Discussion**

TRPA requests that claims against it be dismissed because in 2004, TRPA denied an application submitted by Merkelbach to subdivide the parcel, and the applicable 60-day statute of limitations to appeal has passed.

TRPA is an interstate compact agency created by the States of California and Nevada and approved by the U.S. Congress. TRPA Compact, Pub. L. No. 95-551, 94 Stat. 3233 (1980); Cal. Gov. Code §§ 66800, 66901; Nev. Rev. Stat. §§ 277.200 *et seq*. The TRPA Compact directs TRPA to establish environmental threshold carrying capacities and to adopt and enforce a regional plan to achieve and maintain those environmental standards. Compact, Article I(b). TRPA promulgated a series of regulations, codified in TRPA's Code of Ordinances ("Code"), applicable to properties in the Tahoe Basin, including the property at issue in this case. Compact Art. II(a); Art. V.

Chapter 41 of TRPA's Code generally prohibits new subdivisions of residential land and delineates specific limited circumstances in which a property owner is permitted to subdivide a parcel and create additional development potential. (TRPA Request for Judicial Notice,

Ex. 2[1] (#38-4).)  In order to subdivide a property within the Tahoe Basin, property owners must apply to the TRPA so that it can review the proposed division for compliance with TRPA's Code.  (Id.)

On March 18, 2004, Merkelbach applied to TRPA for approval to subdivide the Property into two distinct parcels with APNs 1418-03-301-009 and 1418-03-301-008.  (TRPA Request for Judicial Notice, Ex. 3 (#38-5).)  The TRPA Staff evaluated Merkelbach's application for compliance with TRPA regulations, and denied the application on March 26, 2004, after concluding that the request violated TRPA Code pertaining to subdivisions.  (TRPA Request for Judicial Notice, Ex. 4 (#38-6).)

Pursuant to TRPA's Rules of Procedure, Merkelbach formally appealed TRPA's Staff-level denial to TRPA's Governing Board.  (TRPA Rules of Procedure Art. XI; TRPA Request for Judicial Notice, Ex. 5 (#38-7).)  Merkelbach's appeal was heard by the Governing Board in a public hearing on July 28, 2004.  (TRPA Request for Judicial Notice, Ex. 6 (#38-8).)  Merkelbach was represented by legal counsel and presented written and oral argument to the Board.  (TRPA Request for Judicial Notice, Exs. 6-7 (##38-8, 38-9).)  TRPA's Governing Board voted to uphold the Staff's determination to deny the subdivision application.  (TRPA Request for Judicial Notice, Ex. 8 at 3-4 (#38-9).)  Merkelbach did not seek judicial review of the Governing Board's denial as permitted by Article XI(j)(4) of TRPA's Compact.  TRPA contends that since the appeal, it has repeatedly informed

---

[1] TRPA's request for judicial notice of these public documents is granted.

9

1  Merkelbach that TRPA only recognizes the Property as one un-
2  subdivided parcel, not two.
3      TRPA's Compact states that "[a] legal action arising out of ...
4  the granting or denial of any permit, shall be commenced within 60
5  days after final action by the agency."  Compact Art. VI(j)(4).
6  TRPA claims that this statute of limitations bars WHMF-I's complaint
7  and Merkelbach's cross-claim because WHMF-I is a successor-in-
8  interest to the Property and takes title to the same defenses to
9  which the predecessor-in-interest was subjected.  TRPA requests that
10 the Court dismiss both claims because TRPA made a final
11 determination in 2004 that subdivision of the Property would violate
12 its regulations, and WHMF-I and Merkelbach should be barred from
13 circumventing the applicable time limitations to challenge final
14 Agency action.
15      Merkelbach contends that rather than appealing in court against
16 TRPA's decision to reject the application to subdivide the Property,
17 Merkelbach moved forward with an administrative process for a Guest
18 House as allowed and prescribed by TRPA.  Merkelbach states that she
19 believes that the Court "could and should determine the creation of
20 the Fourth Parcel will not harm the Lake Tahoe environment" and
21 argues that the Fourth Parcel would meet and exceed all TRPA
22 requirements.  (Merkelbach Opposition at 7 (#43).)
23     As TRPA states, its statute of limitations bars Merkelbach from
24 pursuing a court action to revisit TRPA's denial of her application
25 more than seven years after the initial decision.  Therefore,
26 Merkelbach's cross-claim against TRPA requesting that TRPA be
27 ordered to recognize the Fourth Parcel as a legal parcel must be
28                                    10

1 dismissed. As Merkelbach mentions in her opposition, the settlement
2 agreement to subdivide the Property included a provision
3 acknowledging that TRPA may not recognize the subdivision.  A
4 private agreement, even if approved by a court by stipulation,
5 should not be grounds to order TRPA to subdivide a parcel after its
6 official determination that subdivision would violate its
7 regulations.
8    On the other hand, the Court is not convinced that the statute
9 of limitations bars WHMF-I's declaratory relief claims.  As WHMF-I
10 alleged in its complaint, there exists a discrepancy between the
11 recorded Ninth Judicial District Court order and TRPA decision.
12 Because this discrepancy creates confusion in the status of WHMF-I's
13 deed of trust against the Property and the rights of other lenders
14 in the Property, we decline to dismiss WHMF-I's claims.
15    The requests for hearings are denied.

### III. CitiMortgage's Motion to Dismiss (#40)

**A. Legal Standard**

19    After the pleadings are closed but within such time as not to
20 delay the trial, any party may move for judgment on the pleadings.
21 FED. R. CIV. P. 12(c).  "A judgment on the pleadings is properly
22 granted when, taking all the allegations in the pleadings as true,
23 the moving party is entitled to judgment as a matter of law." Milne
24 ex rel. Coyne v. Stephen Slesinger, Inc., 430 F.3d 1036, 1042 (9th
25 Cir. 2005) (internal quotation marks omitted).
26    The standard applied on a Rule 12(c) motion is similar to that
27 standard which is applied on Rule 12(b)(6) motions.  See Dworkin v.

11

Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989).  As with Rule 12(b)(6) motions, review on a motion pursuant to Rule 12(c) is normally limited to the pleadings.  See Lee v. City of L.A., 250 F.3d 668, 688 (9th Cir. 2001).  The Court should assume the allegations of the non-moving party to be true and construe them in the light most favorable to the non-moving party, and the moving party must clearly establish that no material issue of fact remains to be resolved.  McGlinchey v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988).  Without more, "conclusory allegations . . . are insufficient" to defeat a motion for judgment on the pleadings.  Id.

If the district court relies on materials outside the pleadings in making its ruling, it must treat the motion to dismiss as one for summary judgment and give the non-moving party an opportunity to respond.  FED. R. CIV. P. 12(d); see United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003).  "A court may, however, consider certain materials — documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice — without converting the motion . . . into a motion for summary judgment."  Ritchie, 342 F.3d at 908.

**B. Discussion**

CitiMortgage contends that WHMF-I's claim for equitable subrogation against CitiMortgage's deeds of trust fails as a matter of law because WHMF-I's deed of trust against Parcel 009 was reconveyed prior to either of CitiMortgage's loans and prior to the Western Highland Loan.  CitiMortgage claims that because WHMF-I should have known from the public record that the Parcel 008 deed of trusts were only against Parcel 008, not 009, the equitable

12

subrogation claim should be dismissed.  CitiMortgage also argues that WHMF-I's claim fails because it is barred by laches.

We decline to dismiss WHMF-I's claims against CitiMortgage under Rule 12(b)(6) because based on the pleadings and briefing, we agree with WHMF-I that there exists a controversy that requires resolution.  The status of the Property is in confusion due to the Douglas County Assessor's identification of two separate parcels, Parcel 008, and Parcel 009, on the Property, and TRPA's denial of the application to subdivide the Property. At the very least, there needs to be a determination of the status of the Property and the status of the liens on the Property.

We also reject CitiMortgage's argument that WHMF-I's claim against CitiMortgage is barred by laches.  The doctrine of laches applies "when delay by one party works to the disadvantage of the other, causing a change of circumstances which would make the grant of relief to the delaying party inequitable." Carson City v. Price, 934 P.2d 1042, 1043 (Nev. 1997) (quoting Building & Constr. Trades v. Public Works, 836 P.2d 633, 636-37 (Nev. 1992)).  Laches is more than a mere delay, it must cause disadvantage such that the party asserting laches "must be come so changed that the party cannot be restored to its former state."  Id. (quoting Home Savings v. Bigelow, 779 P.2d 85, 86 (Nev. 1989)).  The CitiMortgage loans were entered into before WHMF-I claims to have discovered the confusion of the status of the Property, and CitiMortgage has not shown that the type of disadvantage or unfair delay that would justify dismissing WHMF-I's claim for reason of laches.

13

### IV. Conclusion

**IT IS, THEREFORE, HEREBY ORDERED** that the TRPA's Motion for Judgment on the Pleadings (#38) is **GRANTED IN PART AND DENIED IN PART**: Merkelbach's cross-claim (#24) is dismissed, but WHMF-I's claims for declaratory relief are not dismissed.

**IT IS FURTHER ORDERED** that CitiMortgage's Motion to Dismiss (#40) is **DENIED**.

DATED: August 7, 2012.

*Edward C. Reed*
UNITED STATES DISTRICT JUDGE

14