# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| WESTERN HIGHLAND MORTGAGE FUND I, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | 3:11-cv-00444-RCJ-WGC ) ) |
| TAHOE REGIONAL PLANNING AGENCY et al., | ) **ORDER** ) ) |
| Defendants. | ) ) |

This declaratory judgment action arises out of uncertainty in the priority of liens against real property in Nevada after a complex series of transactions, as well as Defendant Tahoe Regional Planning Agency's ("TRPA") refusal to recognize the existence of one of the real estate parcels at issue after that parcel was created by a state court judge in Nevada pursuant to a settlement agreement in a separate action. Pending before the Court are a Motion for Summary Judgment (ECF No. 102) and a Motion to Amend (ECF No. 94). For the reasons given herein, the Court denies the Motion for Summary Judgment and grants the Motion to Amend.

## I.     FACTS AND PROCEDURAL HISTORY

### A.     Creation of the Parcels

On September 19, 2000, a judge of the Ninth Judicial District Court in Nevada issued a stipulation and order (the "State Court Order") in a case called *Harvey v. Smittkamp*, No. 99-CV-

00305-DC, splitting a parcel of real estate (the "Former Parcel") into two parcels, Parcel 008 and Parcel 009 (collectively, the "New Parcels"). (Compl. ¶¶ 7–9, June 22, 2011, ECF No. 1-1).  The State Court Order was recorded with the Douglas County Recorder's Office, with a survey of the New Parcels attached thereto, and the Douglas County Assessor thereafter identified Parcels 008 and 009 as APN: 1418-03-301-008 and -009, respectively, and assessed taxes against them. (*See id.* ¶¶ 10–12).

### B.    Encumbrances upon the Parcels

The New Parcels (previously the Former Parcel) were owned by the Rockwell 1997 Trust (the "Trust"), with trustees Chad Smittkamp and Jean Merkleback, who had been parties to the *Harvey* case. (*See id.* ¶¶ 5, 7, 13).  During the real estate boom, the New Parcels experienced what can only be described as an orgy of encumbrances.  On November 14, 2003, separate deeds of trust were recorded against Parcel 008 and Parcel 009, both securing a single loan for $252,000 from Novasel & Schwarte Investments, Inc., d.b.a. Western Highland Mortgage Co. ("WHMC"). (*Id.* ¶¶ 13–15).  A Release Agreement recorded as an attachment to the deed of trust against Parcel 009 provided that WHMC would release the deed of trust against Parcel 009 once the loan from WHMC was secured by a first-position deed of trust against Parcel 008. (*See id.* ¶ 17).  At the time WHMC's deeds of trust were recorded, Parcel 009 was already encumbered by two deeds of trust, putting the deed of trust against Parcel 009 in favor of WHMC in third position. (*Id.* ¶ 16).  The first-position deed of trust against Parcel 009 secured a $2,000,000 debt to Washington Mutual Bank ("WaMu"), and the second-position deed of trust against Parcel 009 secured a $200,000 debt to Anne Marie Rehberger as trustee of the Rehberger Family Trust. (*Id.*). The WaMu and Rehberger liens were subsequently satisfied, and the respective deeds of trust reconveyed, on unspecified dates, putting the WHMC deeds of trust in first position. (*See id.*).

On March 9, 2004, the Trust gave WaMu a deed of trust against Parcel 009 to secure a $2,500,000 loan. (*See* ¶ 18).  On March 24, 2004, WHMC caused to be recorded a "Partial

Reconveyance" of its deed of trust against Parcel 009, the intent of which was apparently to reconvey the deed of trust against Parcel 009 pursuant to the Release Agreement, conditioned upon the valid existence of Parcel 008 under the State Court Order and the vitality of its deed of trust against Parcel 008. (*See id.* ¶ 20).[1]

On April 20, 2004, the Trust gave the Rehburger Family Trust a deed of trust against Parcel 009 to secure a $450,000 loan. (*Id.* ¶ 19). On December 8, 2004, the Trust gave Acres Corp. a deed of trust against Parcel 009 to secure a $120,000 loan. (*Id.*). The Rehburger and Acres debts were subsequently satisfied, and the respective deeds of trust reconveyed, on unspecified dates. (*See id.*).

On January 27 and April 20, 2005, the Trust gave CitiMortgage deeds of trust against Parcel 009 to secure two loans of unspecified amounts. (*See id.* ¶¶ 21–22). The Trust later refinanced the first CitiMortgage mortgage with CitiMortgage on December 6, 2005, recording a subordination agreement indicating that the December 2006 mortgage with CitiMortgage was prior to the April 2005 mortgage with CitiMortgage in case there were any doubt about subrogation via the refinance. (*See id.* ¶ 23).

On October 30, 2006, the Trust refinanced the 2003 loan from WHMC for $500,000 with Plaintiff Western Highland Mortgage Fund I ("WHMF-I"), with some additional cash-back, giving WHMF-I a deed of trust against unspecified real estate. (*See id.* ¶¶ 25–26). WHMF-I expected when it gave the Trust the loan, and believes today, that it is equitably subrogated to WHMC's first-position lien against the New Parcels. (*See id.* ¶ 27).

Further complicating matters, although the Douglas County Assessor recognizes Parcel 008 as a legal parcel, TRPA refuses to. (*Id.* ¶ 29).

Plaintiff sued TRPA, CitiMortgage, Rockwell Lot, LLC, Smittkamp and Merkleback,

---

[1] In other words, WHMC's intent was apparently to (re)convey its deed of trust against Parcel 009 to the Trust not in fee simple absolute, but in fee simple determinable, with the possibility of reverter if Parcel 008 were ever determined to be invalid.

individually and as trustees of the Trust, and Merkleback, as trustee of the SES Trust, in state court, seeking: (1) a declaration that Parcel 008 is a legal parcel; and (2) that, in the alternative, if Parcel 008 is not a legal parcel, that its lien against Parcel 009 has not been reconveyed and is equitably subrogated to first position. Defendants removed. Merkleback, both individually and in her capacities as trustee for the Trust and the SES Trust, filed a Crossclaim against TRPA for a declaration that TRPA must recognize Parcel 008, that she may construct a single-family home on Parcel 008, and for damages. CitiMortgage included a Counterclaim and Crossclaim in its Answer for declaratory relief, quiet title, and equitable subrogation. CitiMortgage has since filed an Amended Crossclaim.

The case was originally assigned to Judge Larry R. Hicks but was later transferred to Judge Edward C. Reed. Judge Reed denied CitiMortgage's motion to dismiss and granted TRPA's motion for judgment on the pleadings as against Merkleback's Crossclaim, but not as against Plaintiff's claim. (*See* Order, Aug. 7, 2012, ECF No. 63). Judge Reed noted that TRPA is an agency with authority under the Tahoe Regional Planning Compact ("TRPC"), an interstate compact between Nevada and California that has been approved by Congress, with certain zoning powers, and that property owners within TRPA's jurisdiction must obtain TRPA's permission to subdivide their properties. (*See id.* 8–9). Merkleback had applied to TRPA to subdivide the Former Parcel into Parcel 008 and 009 in the eyes of TRPA after the State Court Order had already accomplished this in the eyes of Douglas County. (*See id.* 9). TRPA denied the request under TRPA regulations. (*Id.*). The TRPA Governing Board upheld the ruling upon Merkleback's appeal after a hearing at which she was represented by counsel. (*Id.*). Merkleback did not seek judicial review within sixty (60) days, as permitted under Article XI of the TRPC. (*Id.* 9–10). Judge Reed ruled that therefore Merkle, but not Plaintiff, was barred from bringing a claim against TRPA over its refusal to recognize Parcel 008 and dismissed the Crossclaim, but not Plaintiff's claim. The case has since been reassigned to this Court, and CitiMortgage has

now filed a Motion for Summary Judgment (ECF No. 102), asking the Court to rule that Plaintiff's lien against Parcel 009, if any, is not equitably subrogated to first position ahead of CitiMortgage's own lien against Parcel 009.

## II.   LEGAL STANDARDS

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). In determining summary judgment, a court uses a burden-shifting scheme:

> When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case.

*C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations and internal quotation marks omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party meets its initial burden, the burden then shifts to the opposing party to

establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations unsupported by facts. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

At the summary judgment stage, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III.  ANALYSIS

#### A.  Summary Judgment

The Court denies the motion. It is not clear that Parcel 008 is not a legal parcel. If it is, Plaintiff's reconveyance of its deed of trust against Parcel 009 has not reverted to Plaintiff, and there is no need to determine whether Plaintiff's putative lien against Parcel 009 is senior to CitiMortgage's. The Court makes no final ruling on the issue via the present order, but absent some facts indicating the contrary, it appears at this stage that Parcel 008 is probably a legal parcel.

The underlying dispute between Plaintiff and TRPA is primarily a legal dispute arising out of an equivocation of the term "parcel." The word has one meaning for the purposes of

ownership and taxation as regulated by Douglas County and another meaning for the purposes of TRPA's regulation of development. The Court finds that both concepts of "parcel" can coexist within their proper spheres.

Plaintiff argues that once Douglas County (in this case via a state judge's judicial decree) has recognized a "parcel" for its own purposes, TRPA must also recognize the "parcel" under its own regulations for the purposes of development. Although that issue is not directly before the Court in the context of the present motion, the Court disagrees. The TRPC, having been approved by Congress in accordance with the Constitution, has the force of a federal statute. *Jacobson v. TRPA*, 556 F.2d 1353, 1358 (9th Cir. 1977), *rev'd in part on other grounds sub nom. Lake Country Estates, Inc. v. TRPA*, 440 U.S. 391 (1979). There is no general federal power over local zoning, but the TRPC is a an interstate compact agreed to by the States of Nevada and California. If there were indeed any conflict, therefore, the Court would have to examine TRPA's actions for consistency with the TRPC, the constitutionality of the relevant provisions of the TRPC itself, and the scope of any conflict. But the Court perceives no conflict. Douglas County may dictate the existence of real property parcels within its geographical jurisdiction for the purposes of ownership, real estate taxes, and the like—these regulations do not in-and-of-themselves interfere with TRPA's development regulations—but the TRPC controls zoning for the purposes of development within the scope of the TRPC.[2] The same kind of perceived inconsistency could in fact exist in the absence of any dual federal–state regulation. That is, it is possible that a state or county itself could delineate parcels one way for the purposes of taxes and another way for the purposes of development. Such a scheme could result, as here, in that the separate owners of adjacent real estate parcels occupy a single parcel for the purposes of development regulations—an undoubtedly inconvenient circumstance requiring cooperation

---

[2] Although the issue does not directly present itself in this case, the Court notes that Douglas County may also have continuing ability to regulate development so long as such regulations do not conflict with or impede the purposes of the TRPC.

between adjacent landowners that may reduce the value of the real estate parcels, but not an impossible situation. The parties may not have anticipated this result when stipulating to the State Court Order that created the New Parcels, but that is a matter for seeking relief from the State Court Order in the state court under Rule 60(b).

The present Order is not meant to be dispositive as to Plaintiff's claims. The Court via the present order simply denies summary judgment to Citimortgage because: (1) Parcel 008 is probably a legal parcel; and (2) if Parcel 008 is not a legal parcel, it is at least a fact question whether WMHC's defeasible reconveyance has reverted and that Plaintiff has been equitably subrogated to first position by virtue of having refinanced the first-position mortgage that reverted.

**B.     Amendment**

Plaintiff gives five reasons for its requested amendment of the Complaint. First, it has transferred its interest in Parcel 008 and its claims against Defendants to Fidelity National Title Insurance Co. ("Fidelity"). Second, Plaintiff has discovered two additional deeds of trust against Parcel 009, which evidence is of course relevant to a declaration of priority of all interests against the parcel. Third, Plaintiff has become aware of an inaccuracy in the Complaint via deposition of its person most knowledgeable. Fourth, Plaintiff wishes to add a claim against Merkleback and Smittkamp based upon alleged misrepresentations they made to Plaintiff concerning the disputed legal status of Parcel 008 when negotiating the loan to them from Plaintiff. Fifth, Plaintiff wishes to add a claim against Merkleback for breach of contract based upon her refusal to defend and indemnify Plaintiff as required by Plaintiff's deed of trust and addendum thereto. The Court grants the motion. The Court rejects Merkleback's arguments that amendment will create undue delay or prejudice her. Any new Defendant will of course be entitled to an amendment of the scheduling order upon amendment. Additional legal expenses are not "prejudice" under the meaning of Rule 15. Merkleback remains free to attack the new claims under the statute of

1 limitations.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion for Summary Judgment (ECF No. 102) is DENIED.

IT IS FURTHER ORDERED that the Motion to Amend (ECF No. 94) is GRANTED.

IT IS SO ORDERED.

Dated this 16th day of September, 2013.

_____
ROBERT C. JONES
United States District Judge