**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WESTERN HIGHLAND MORTGAGE FUND I, LLC, | )<br>)<br>) |
| Plaintiff, | )<br>)       3:11-cv-00444-RCJ-WGC |
| vs. | )<br>) |
| TAHOE REGIONAL PLANNING AGENCY et al., | )       **ORDER**<br>)<br>) |
| Defendants. | )<br>) |

This declaratory judgment action arises out of uncertainty in the priority of liens against real property in Nevada after a complex series of transactions, as well as Defendant Tahoe Regional Planning Agency's ("TRPA") refusal to recognize the existence of one of the real estate parcels at issue for the purposes of development under the Tahoe Regional Planning Compact (the "Compact") after the subject parcel was created by a state court judge in Nevada pursuant to a settlement agreement in a previous action. Pending before the Court is Defendant Jean Merkelbach's Motion to Dismiss (ECF No. 125). For the reasons given herein, the Court grants the motion in part, with leave to amend.

**I.    FACTS AND PROCEDURAL HISTORY**

    **A.    Creation of the Parcels**

On September 19, 2000, a judge of the Ninth Judicial District Court in Nevada issued a

stipulation and order (the "State Court Order") in a case called *Harvey v. Smittkamp*, No. 99-CV-00305-DC, splitting a parcel of real estate (the "Former Parcel") into two parcels, Parcel 008 and Parcel 009 (collectively, the "New Parcels"). (Compl. ¶¶ 7–9, June 22, 2011, ECF No. 1-1). The State Court Order was recorded with the Douglas County Recorder's Office, with a survey of the New Parcels attached thereto, and the Douglas County Assessor thereafter identified Parcels 008 and 009 as APN: 1418-03-301-008 and -009, respectively, and assessed taxes against them. (*See id.* ¶¶ 10–12).

### B. Encumbrances upon the Parcels

The New Parcels (previously the Former Parcel) were owned by the Rockwell 1997 Trust (the "Trust"), with trustees Chad Smittkamp and Jean Merkelbach, who had been parties to the *Harvey* case. (*See id.* ¶¶ 5, 7, 13). During the real estate boom, the New Parcels experienced what can only be described as an orgy of encumbrances.

On November 14, 2003, separate deeds of trust were recorded against Parcel 008 and Parcel 009, both securing a single loan for $252,000 from Novasel & Schwarte Investments, Inc., d.b.a. Western Highland Mortgage Co. ("WHMC"). (*Id.* ¶¶ 13–15). A Release Agreement recorded as an attachment to the deed of trust against Parcel 009 provided that WHMC would release the deed of trust against Parcel 009 once the loan from WHMC was secured by a first-position deed of trust against Parcel 008. (*See id.* ¶ 17). At the time WHMC's deeds of trust were recorded, Parcel 009 was already encumbered by two deeds of trust, putting the deed of trust against Parcel 009 in favor of WHMC in third position. (*Id.* ¶ 16). The first-position deed of trust against Parcel 009 secured a $2,000,000 debt to Washington Mutual Bank ("WaMu"), and the second-position deed of trust against Parcel 009 secured a $200,000 debt to Anne Marie Rehberger as trustee of the Rehberger Family Trust. (*Id.*). The WaMu and Rehberger debts were subsequently satisfied, and the respective deeds of trust reconveyed, on unspecified dates, putting the WHMC deeds of trust in first position. (*See id.*).

On March 9, 2004, the Trust gave WaMu a deed of trust against Parcel 009 to secure a $2,500,000 loan. (*See* ¶ 18). On March 24, 2004, WHMC caused to be recorded a "Partial Reconveyance" of its deed of trust against Parcel 009, the intent of which was apparently to reconvey the deed of trust against Parcel 009 pursuant to the Release Agreement, conditioned upon the valid existence of Parcel 008 under the State Court Order and the vitality of its deed of trust against Parcel 008. (*See id.* ¶ 20).[1]

On April 20, 2004, the Trust gave the Rehburger Family Trust a deed of trust against Parcel 009 to secure a $450,000 loan. (*Id.* ¶ 19). On December 8, 2004, the Trust gave Acres Corp. a deed of trust against Parcel 009 to secure a $120,000 loan. (*Id.*). The Rehburger and Acres debts were subsequently satisfied, and the respective deeds of trust reconveyed, on unspecified dates. (*See id.*).

On January 27 and April 20, 2005, the Trust gave CitiMortgage deeds of trust against Parcel 009 to secure two loans of unspecified amounts. (*See id.* ¶¶ 21–22). The Trust later refinanced the first CitiMortgage mortgage with CitiMortgage on December 6, 2005, recording a subordination agreement indicating that the December 2006 mortgage with CitiMortgage was prior to the April 2005 mortgage with CitiMortgage in case there were any doubt about subrogation via the refinance. (*See id.* ¶ 23).

On October 30, 2006, the Trust refinanced the 2003 loan from WHMC for $500,000 with Western Highland Mortgage Fund I ("WHMF-I"), with some additional cash-back, giving WHMF-I a deed of trust against unspecified real estate. (*See id.* ¶¶ 25–26). WHMF-I expected when it gave the Trust the loan, and believes today, that it is equitably subrogated to WHMC's first-position lien against the New Parcels. (*See id.* ¶ 27).

Further complicating matters, although the Douglas County Assessor recognizes Parcel

---

[1] In other words, WHMC's intent was to (re)convey its deed of trust against Parcel 009 to the Trust not in fee simple absolute, but in fee simple *defeasible*, with the possibility of reverter if Parcel 008 were ever determined to be invalid.

008 as a legal parcel, TRPA refuses to. (*Id.* ¶ 29).  This fact may make title to Parcel 008 unmarketable, diminishing its value, as TRPA presumably has what amount to zoning powers over land within its jurisdiction for the purposes of a marketability analysis.

  WHMF-I sued TRPA, CitiMortgage, Rockwell Lot, LLC, Smittkamp and Merkelbach, individually and as trustees of the Trust, and Merkelbach, as trustee of the SES Trust, in state court, seeking a declaration that Parcel 008 is a legal parcel, a declaration as to the priority of liens against the New Parcels or the Former Parcel, and judicial foreclosure of any parcels against which it may have such remedy based upon the answers to the preliminary questions. Defendants removed.  Merkelbach, both individually and in her capacities as trustee for the Trust and the SES Trust, filed a Crossclaim against TRPA for a declaration that TRPA must recognize Parcel 008, that she may construct a single-family home on Parcel 008, and for damages. CitiMortgage included a Counterclaim and Crossclaim in its Answer for declaratory relief, quiet title, and equitable subrogation.  CitiMortgage has since filed an Amended Crossclaim.

  The case was originally assigned to Judge Larry R. Hicks but was later transferred to Judge Edward C. Reed.  Judge Reed denied CitiMortgage's motion to dismiss and granted TRPA's motion for judgment on the pleadings as against Merkelbach's Crossclaim, but not as against WHMF-I's claim. (*See* Order, Aug. 7, 2012, ECF No. 63).  Judge Reed noted that the Compact is an interstate compact between Nevada and California that had been approved by Congress, that TRPA had certain zoning powers thereunder, and that property owners within TRPA's jurisdiction must obtain TRPA's permission to subdivide their properties. (*See id.* 8–9). Merkelbach had applied to TRPA to subdivide the Former Parcel into Parcel 008 and 009 after the State Court Order had already accomplished this in the eyes of Douglas County. (*See id.* 9). TRPA denied the request under TRPA regulations. (*Id.*).  The TRPA Governing Board upheld the ruling upon Merkelbach's appeal after a hearing at which she was represented by counsel. (*Id.*).  Merkelbach did not seek judicial review within sixty (60) days, as permitted under Article

1  XI of the Compact. (*Id.* 9–10). Judge Reed ruled that therefore Merkelbach, but not WHMF-I,
2  was barred from bringing a claim against TRPA over its refusal to recognize Parcel 008 and
3  dismissed the Crossclaim, but not WHMF-I's claim.
4      The case was reassigned to this Court. Citimortgage filed a motion for summary
5  judgment, asking the Court to rule that WHMF-I's lien against Parcel 009, if any, was not
6  equitably subrogated to first position ahead of CitiMortgage's own lien against Parcel 009. The
7  Court denied the motion, noting that it was likely that Parcel 008 was a legal parcel for the
8  purposes of state law, if not under TRPA, such that there might be no controversy over Parcel
9  009 under the relevant deeds. The Court did not at that time directly rule as to whether Parcel
10 008 was a legal parcel, because no party had asked the Court to so rule. The Court
11 contemporaneously granted WHMF-I's motion to amend the complaint to add a claim against
12 Merklebach and Smittkamp for fraud based upon alleged misrepresentations they made to
13 WHMF-I concerning the disputed legal status of Parcel 008 when negotiating the loan to them
14 from Plaintiff, as well as a claim against Merklebach for breach of contract based upon her
15 refusal to defend and indemnify WHMF-I in the present action. Plaintiff Fidelity National Title
16 Insurance Co. ("Fidelity")[2] has filed the First Amended Complaint ("FAC"), including those
17 claims, and Merkelbach has asked the Court to dismiss them.
18 **II.   LEGAL STANDARDS**
19     **A.   Rules 8(a) and 12(b)(6)**
20     Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
21 claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of
22 what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47
23 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action

---

[2] Fidelity is the assignee of former plaintiff Western Highland Mortgage Fund I, LLC's claims and relevant property. (*See* First Am. Compl. ¶¶ 2–3 & n.1, Oct. 22, 2013, ECF No. 117).

that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). In other words, under the modern interpretation of Rule 8(a), a plaintiff must not only specify a cognizable legal theory (*Conley* review), but also must plead the facts of his own case so that the court can determine whether the plaintiff has any plausible basis for relief under the legal theory he has specified, assuming the facts are as he alleges (*Twombly-Iqbal* review).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which

are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

### B. Rule 9(b)

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Under Rule 9(b), a plaintiff must be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong. *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Id.* A "plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Id.*

## III. ANALYSIS

### A. Fraud

Merkelbach argues that Plaintiff's fraud claim against her is belied by Plaintiff's own allegations. That is, because Plaintiff alleges and affirmatively seeks declaratory judgment to the

effect that Parcel 008 is a legal parcel, it cannot also claim that Merkelbach defrauded Plaintiff's predecessor-in-interest by making precisely that represention in order to obtain financing against Parcel 008.  The Court finds that the allegations can coexist in the alternative.  Plaintiffs may plead inconsistent facts or theories in the alternative as a general matter.  Plaintiff may seek against TRPA a declaratory judgment that Parcel 008 is a legal parcel while also seeking to hold Merkelbach liable for fraud in stating that Parcel 008 is a legal parcel (in the event the court were to hold that it is in fact not a legal parcel).

     Nor does the Court's indication that Parcel 008 is likely a legal parcel for the purposes of Nevada real estate and taxation law preclude the fraud claim.  First, the Court has not yet directly so ruled but has only made preliminary remarks on the issue.  Second, even if the Court were to make a final ruling that Parcel 008 was a legal parcel with respect to Nevada real estate and taxation law, and that a statement to that effect therefore cannot have constituted a fraud, Merkelbach could still potentially be liable for fraud if she represented to WHMF-I that Parcel 008 was a legal parcel with respect to TRPA's development regulations or in all respects generally, with scienter that the representation was false.  The substance of the alleged fraudulent statement is therefore critical, and that is why the claim fails under Rule 9(b) as currently pled.  Plaintiff has alleged only that "To induce WHMF-I to make the WHMF-I loan, Defendants Chad Smittkamp and Jean Merkelbach . . . represented that Parcel 008 was a legal parcel." (First Am. Compl. ¶ 31).  That allegation is not sufficient to allege a fraud under Rule 9(b).  Plaintiff has not alleged what actual statement(s) these Defendants made.  The claim that Defendants represented Parcel 008 was a legal parcel is simply too vague to identify the substance of the alleged fraud.  It is not clear whether Defendants are alleged to have stated that Parcel 008 was a legal parcel only for real estate law purposes, for TRPA purposes, or for all purposes.  The substance of the statement is only vaguely identified, and the statement is not identified in time, place, or manner at all.  If Defendants simply represented that Parcel 008 was a legal parcel for the purposes of

ownership and/or taxation under Nevada law, e.g., via a garden-variety loan application and/or deed of trust, a fraud claim probably cannot lie here, as it seems clear that Defendants had no reason to believe Parcel 008 was not a legal parcel in that respect. If, on the other hand, the representation was broad enough to encompass the TRPA issue, a fraud claim may lie. The Court therefore dismisses this claim, with leave to amend.

The Court finds that the running of the statute of limitations in not clear on the face of the FAC, and it will not dismiss for that reason. Whether and when TRPA's previous denial of Merkelbach's subdivision/development request was readily apparent or reasonably available to WHMF-I with due diligence under the standards of Nevada's discovery rule is a question of fact.

### B. Breach of Contract

Merkelbach argues that her duty to defend Plaintiff under the relevant deed of trust has not been breached because Plaintiff has not been subject to any suit requiring its defense. Plaintiff filed the present suit itself. Plaintiff responds that the duty-to-defend clause covers its own affirmative claims for declaratory judgment, citing to district court opinions from other circuits where insureds sued third parties for declaratory judgment and their insurers failed to "defend" the insureds by prosecuting those actions. Plaintiff also argues that Citimortgage filed counterclaims against Plaintiff in the present action. Merkelbach argues in reply that Citimortgage has only sought to defend its own interest in Parcel 009, not to challenge Plaintiff's interest in Parcel 008. The Court finds that the present controversy is sufficiently alleged to be imminent enough to trigger Merkelbach's contractual duty to defend under the deed of trust. TRPA's continuing refusal to recognize Parcel 008 for the purposes of development under the Compact is sufficiently alleged to diminish the value of Plaintiff's security interest therein. The duty to defend, as noted by Merkelbach herself, is a duty "[t]o appear and defend any action or proceeding purporting to affect the security hereon . . . ." Although "defend" could be read strictly so as to exclude the duty to prosecute declaratory judgment actions on behalf of Plaintiff,

the quoted language indicates that the duty is meant to be broad, and that "defend" is meant in a more colloquial sense akin to "champion," not in a strict procedural sense.[3] So long as there is an imminent controversy reasonably requiring the putative defendee to bring a declaratory judgment action to protect its rights, the language of the deed of trust is sufficiently alleged to require Merkelbach to champion the claim on behalf of Plaintiff. The Court will not dismiss this claim.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 125) is GRANTED IN PART and DENIED IN PART, with leave to amend.

IT IS SO ORDERED.

Dated this 10th day of January, 2014.

_____
ROBERT C. JONES
United States District Judge

---

[3] Black's Law Dictionary gives two meanings to "defend": (1) "[t]o deny, contest, or oppose (ana allegation or claim)"; and (2) "[t]o represent (someone) as an attorney." *Black's Law Dictionary* 482 (9th ed. 2009). The first meaning is technical and procedural, and the second meaning is colloquial.