**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

FIDELITY NATIONAL TITLE INSURANCE )
COMPANY,                           )
                                   )          3:11-cv-00444-RCJ-WGC
              Plaintiff,           )
                                   )          **ORDER**
        vs.                        )
                                   )          re: Docs. # 137, # 142 and # 143
TAHOE REGIONAL PLANNING AGENCY,    )
et al.,                            )
                                   )
              Defendants.          )
_____ )
                                   )
AND RELATED CROSS CLAIMS           )
_____ )

**I.  Motions Before the Court**

Before the court is Plaintiff Fidelity National Title Insurance Company's (Fidelity) Motion to Enlarge Discovery Time Limits and Continue Calendar Call and Trial Date (Fifth Request). (Doc. # 137.)[1] Defendant CitiMortgage, Inc (CitiMortgage) filed its response to this Motion (Doc. # 138). Fidelity filed its reply to CitiMortgage's Response (Doc. # 140).

Also before the court is Defendant Jean Merkelbach's (Merkelbach) Motion to Stay Discovery and Request for Relief Under FRCP 36(b). (Doc. # 142.)[2] Defendant Merkelbach additionally filed a motion for order shortening time relative to the response deadline regarding her motion for stay of discovery. (Doc. # 143.)

_____

[1] Refers to court's docket number.

[2] Defendant's motion also included a request for relief relative to requests for admissions served on her by Fidelity (Doc. # 142 at 7-9.) The relief sought in this component of Defendant's motion, which should have been the subject of a separate motion, is not being addressed by this order.

Fidelity opposed Merkelbach's motion (Doc. # 142) with a filing entitled, "Fidelity National Title Insurance Company's Opposition to Motion to Stay Discovery and Request for Relief Under FRCP 36(B); and Countermotion to Compel Discovery and for Sanctions." (Doc. # 145.) Because Fidelity improperly combined its opposition to Merkelbach's motion with its own motion, the clerk's office advised counsel to segregate its filing into two separate documents. (Doc. # 146.) Fidelity thereafter re-filed its Opposition to Motion to Stay Discovery and Request for Relief Under FRCP 36(b) as Doc. # 147; its Motion to Compel Discovery and for Sanctions was re-filed as Doc.# 148. Each document, although similar, consisted of 152 pages of materials.

Merkelbach has replied to Fidelity's opposition to her motion. (Doc.# 153.) Merkelbach also opposed Fidelity's motion to compel/motion for sanctions. (Doc. # 154.)  Fidelity replied. (Doc. # 156.)

This order will mainly pertain to resolving the competing motions on the discovery deadline: Fidelity's motion to enlarge the discovery time limits/trial date (Doc. #137) and Merkelbach's motion to stay discovery (Doc # 142). The court will address in a separate order the component of Merkelbach's motion which pertains to the relief she requested under Rule 36(b) (Doc. # 142) and Fidelity's motion to compel/motion for sanctions (Doc. # 148).

For the reasons explained in this order, Merkelbach's Motion to Stay Discovery (Doc. # 142) is **DENIED.**  Merkelbach's Motion For an Order Shortening Time (Doc. # 143) is now irrelevant and **DENIED** as moot. Fidelity's Motion to Enlarge Discovery Time Limits and Continue Calendar Call and Trial Date (Fifth Request) (Doc. # 137) is **GRANTED in part** and **DENIED in part.**

## II.   Procedural History of Litigation as Relevant to the Pending Motions

To address these motions, the court deems it beneficial to review certain aspects of the convoluted procedural history of this case.[3] In that regard, District Judge Robert C. Jones entered an order on September 16, 2013, allowing the amendment of the underlying complaint. (Doc. # 111.) Judge Jones permitted substitution of Fidelity, as assignee of Western Highland Mortgage Fund I ("Western"), to proceed as Plaintiff. (Doc. # 94 at 6; Doc. # 111 at 8-9.) The order allowing Plaintiff to amend also

---

[3] This overview of the pertinent procedural history of this case will not address the substantive issues of fact and law presented by the litigation. For a comprehensive review of those matters, see Judge Jones' Order, "Facts and Procedural History." (Doc # 141 at 1-5.)

1  permitted it to pursue claims against two possible additional lienholders as against the subject parcels,

2  Acres Corporation ("Acres") and Oakbrook Realty & Investments II, LLC ("Oakbrook"). (Doc. # 94 at

3  6-7; Doc # 111.)

4      Fidelity thereafter filed its First Amended Complaint. (Doc. # 117.) Merkelbach responded to

5  the First Amended Complaint by filing a Motion to Dismiss. (Doc. # 125.) Merkelbach argued Fidelity's

6  fraud/intentional misrepresentation averments in the third cause of action failed to state a claim upon

7  which relief can be granted. (Merkelbach also argued the statute of limitations had expired on this cause

8  of action. Merkelbach additionally contested Fidelity's claims of breach of contract (fourth cause of

9  action), contending that the controversies in the pending litigation did not trigger Merklelbach's

10  indemnity obligation to Fidelity under a certain deed of trust.

11      Judge Jones agreed in part with Merkelbach's argument and granted her motion to dismiss the

12  third cause of action. However, the court granted Fidelity leave to amend to attempt to cure any

13  deficiencies in the allegations of fraud. (Doc. # 141 at 9.)[4] District Judge Jones also rejected

14  Merkelbach's arguments pertaining to the indemnity claims and allowed those to proceed. (*Id*. at 10.)

15      Fidelity's Second Amended Complaint was then filed on January 29, 2014. (Doc. # 144.) The

16  Second Amended Complaint again included Acres and Oakbrook as defendants and re-asserted fraud

17  claims against Merkelbach (and Defendant Chad Smittkamp). (*Id*. at 13.) Although Fidelity has since

18  dismissed its causes of action as against Acres without prejudice (Docs. ## 158, 159), the claims against

19  Oakbrook remain. A notice of service on Oakbrook was just filed today, March 21, 2014. Oakbrook has

20  twenty-one days from the date of service to file a responsive pleading.

21      Merkelbach answered the Second Amended Complaint on February 18, 2014. (Doc. # 152.)[5]

22  Defendant Tahoe Regional Planning Agency (TRPA) answered the Second Amended Complaint on

23  February 11, 2014. (Doc # 149.). Defendant CitiMortgage answered the Second Amended Complaint

24  but also counterclaimed against Fidelity and cross claimed for declaratory relief "Quiet Title," and

25

26      [4] Judge Jones also ruled that whether Fidelity's averments of fraud were barred by the statute of limitations was a question of fact. (Doc. # 141 at 9.)

27      [5] Merkelbach has not filed a motion contesting the colorable validity of the "fraud" allegations asserted against her (and Smittkamp) in the Second Amended Complaint.

28

"Equitable Subrogation" against "all named parties." (Doc. # 151.) Fidelity has responded to CitiMortgage's counterclaim/cross claim (Doc. # 155.) It does not appear any other parties have responded to the CitiMortgage cross claim.

**III.   Analysis**

**A.  Merkelbach Motion to Stay (Doc. # 142)**

The Merkelbach motion to stay discovery is predicated on the now-stale theory that because she successfully challenged Fidelity's "fraud" claims in its First Amended Complaint, any amendment Fidelity might pursue would be futile because "a factual basis for such a claim does not exist." (Doc. # 142.) Subsequent to the filing of the Merkelbach motion, Fidelity submitted its Second Amended Complaint. It appears Merkelbach has seemingly chosen not to contest the viability of the fraud charge asserted in the Second Amended Complaint. (Doc. # 144, Third Cause of Action, at p. 13-15.) Instead, Merkelbach has answered the Second Amended Complaint. (Doc. # 152.) Therefore, the contention that discovery into the fraud charges would be "unnecessary" is no longer viable and the rationale for Merkelbach's motion has evaporated.

The motion to stay discovery component of the Merkelbach motion (Doc. # 142) is **DENIED.**[6]

**B.  Fidelity's Motion to Enlarge Discovery Time Limits and Continue Calendar Call and Trial. (Doc. # 137)**

Fidelity's motion was filed prior to the expiration of the relevant discovery deadline (January 15, 2014), but after Judge Jones allowed the filing of the amended complaint to permit, among others, the addition of two defendants, Acres and Oakbrook. As outlined above, Fidelity has since filed a Second Amended Complaint (Doc. # 144) which included these two new parties; however, Acres has now been dismissed without prejudice. (Docs. ## 158, 159.) Oakbrook was just recently served, but has yet to appear in the action.

Fidelity states it was unable to complete depositions of certain witnesses and parties because of the various motions which were pending. (Doc. # 137.) Fidelity's motion proposes certain new discovery deadlines–including expert witness disclosures–as well as vacating the trial date and pretrial conferences.

---

[6] As noted above, the court will separately consider the component of the Merkelbach motion relating to "relief under FRCP 26(b)."

Fidelity represented that, perhaps generally speaking, other parties who had appeared had not opposed the Fidelity's motion. (*Id*. at 7-8.)

CitiMortgage opposed Fidelity's motion. (Doc. # 138.) CitiMortgage's opposition is predicated primarily upon the inclusion of new deadlines for expert disclosures and the length of time for the extension (180 days) sought in Fidelity's motion. CitiMortgage argues Fidelity has not been diligent in its efforts to complete discovery and represents that no further discovery is "necessary" in any event. (*Id*. at 4.)

Fidelity replied to CitiMortgage's opposition. (Doc. # 140.) Fidelity contends that its efforts to complete discovery have been hampered by various motions (some dispositive) which were filed in this action. Fidelity states it also served discovery on Merkelbach. (*Id*,, at 4.) This discovery, as noted above, is also the subject of Merkelbach's motion for relief under Fed. R. Civ. P. 36(b) (Doc. # 142) which in turn has generated a counter motion to compel by Fidelity (Doc. # 148).

The court will **GRANT** Fidelity's motion to vacate the present calendar call and trial date. The court will also **GRANT** its motion to enlarge the time for discovery, not so much for the rationale expressed by Fidelity, but primarily because of the involvement of a new party (Oakbrook) which has not yet entered an appearance in this matter. Assuming that Oakbrook will eventually enter an appearance, it will be entitled to conduct discovery.

After Oakbrook enters an appearance, the court will conduct another discovery conference to address what new discovery deadlines should be adopted. In the interim, however, discovery is not stayed and the parties are to complete any discovery which can be undertaken without the involvement of Oakbrook.

The Fidelity motion (Doc. # 137) insofar as it seeks to impose new deadlines for disclosure of experts is **DENIED**, without prejudice. While the court recognizes Oakbrook, if and when it becomes an active participant in this case, would be entitled to disclose experts, the court does not believe that all expert disclosures should be re-opened carte blanche. For the time being, the court will maintain the previously imposed expert disclosure deadline of July 19, 2013. (Doc. # 73.) As CitiMortgage notes, none of the prior stipulations to extend discovery (and related) deadlines included extensions of the expert disclosure deadline. (Doc. # 138 at 2-3; Docs. ## 105, 106; Docs. ## 112, 113.)

1

### IV.   Conclusion

2      Defendant Merkelbach's Motion to Stay Discovery (Doc. # 142) is **DENIED** and her Motion For

3 an Order Shortening Time (Doc. # 143) is **DENIED** as moot. Fidelity's Motion to Enlarge Discovery

4 Time Limits and Continue Calendar Call and Trial Date (Fifth Request) (Doc. # 137) is **GRANTED in**

5 **part** and **DENIED in part** consistent with this order. The June 9, 2014 calendar call and the June 17,

6 2014 trial date are **VACATED**. When Oakbrook appears in this matter, the court will schedule another

7 discovery status conference to address what new discovery deadlines should be adopted.

8

9 **IT IS SO ORDERED.**

10

11 DATED:  March 21, 2014

12

13      _____

14      WILLIAM G. COBB
        UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6