# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

FIDELITY NATIONAL TITLE INSURANCE COMPANY,

    Plaintiff,

vs.

TAHOE REGIONAL PLANNING AGENCY, et al.,

    Defendants.

AND RELATED CROSS CLAIMS

3:11-cv-00444-RCJ-WGC

**ORDER**

re Doc. # 142

Request for Relief Under FRCP 36(b)

    Before the court is a Request for Relief under FRCP 36(b) filed by Defendants Jean Merkelbach, individually, and as Trustee of the Rockwell 1997 Trust, and as Trustee of the SES Trust, Rockwell Lot, LLC (collectively, Merkelbach). (Doc. # 142.)[1] Plaintiff Fidelity National Title Insurance Company, successor-in-interest to Lawyers Title Insurance Corporation (Fidelity), opposed the motion. (Doc. # 147.) Merkelbach filed a reply. (Doc. # 153.)

## I. BACKGROUND

    Generally, this case concerns the legal status of certain real property located in Douglas County, Nevada. Pursuant to the most recent scheduling order issued in the case, the discovery cutoff date was January 15, 2014. (Doc. # 113.)

    Fidelity propounded discovery, including requests for admission, on Merkelbach on November 27, 2013, making the responses due on or before December 30, 2013. (Doc. # 147 at 3 ¶¶ 3-

---

[1] Refers to court's docket number. The component of Plaintiff's motion in Doc. # 142 requesting a stay of discovery was addressed in a separate order. (Doc. # 163.)

4.) No extension of time was sought to respond to the requests. (*Id*. ¶ 5.) Merkelbach did not serve responses to the discovery by December 30, 2013. (*Id*. ¶6.) According to Merkelbach, she did not serve responses or objections to the requests because Fidelity, in briefing dated November 25, 2013, related to Merkelbach's motion to dismiss, made a representation that discovery in the case had been stayed for much of the pendency of the action, and was "once again halted" with the filing of the motion to dismiss. (*See* Merkelbach's Mtn., Doc. # 142 at 2:23-25; Pl.'s Opp. To Mtn. to Dismiss, Doc. # 132 at 3:20-24.) In the interim, on December 23, 2013, Fidelity filed a motion seeking to extend the discovery cutoff date. (Doc. # 137.)

Merkelbach then contacted Fidelity's counsel on January 9, 2014, ten days after the responses were due, asking when she should respond to the discovery it had propounded. (Doc. # 142 at 3:16-19; Doc. # 147 at 4 ¶ 8.) Fidelity's counsel indicated it was Plaintiff's position that the discovery responses were past due. (Doc. # 142 at 3:20-22.) Fidelity asserts that because Merkelbach did not timely respond (or respond at all) to Fidelity's discovery, "this court should deem Plaintiff's requests for admissions admitted." (Doc. # 147 at 20.) Merkelbach argues that withdrawal of the admissions should be permitted under Federal Rule of Civil Procedure 36(b) to promote the proper presentation of the merits of this action, and because Fidelity will not suffer any prejudice as a result of the withdrawal. (Doc. # 142 at 8.)

According to Fidelity, the remark in its brief opposing Merkelbach's motion to dismiss that discovery was being halted, "merely referred to the fact that in preparing an opposition to Merkelbach's motion to dismiss, [counsel] had to divert...efforts from conducting discovery and, instead, focus on responding to the motion." (Doc. # 147 at 4 ¶ 12.) In addition, Fidelity argues that Merkelbach's argument does not make sense because the discovery was propounded *after* the remark in the opposition was made. (*Id*. ¶ 13.) Next, Fidelity points out that there was in fact no discovery stay in place when the discovery was served; nor had any party applied for a discovery stay while the discovery requests were outstanding. (*Id*. ¶ 14.) It was for this reason that Fidelity had proceeded with serving the discovery. (*Id*.) Finally, Fidelity reiterates that Merkelbach never contacted Fidelity for an extension to respond to the discovery, or if they believed an extension was implied, to confirm as much. (*Id*. at 5 ¶ 15.)

In the reply brief, Merkelbach first states that to the extent Fidelity is arguing that Merkelbach

2

is just attempting to excuse her noncompliance with its discovery requests and further delay discovery in this case, Fidelity did not even serve any discovery on Merkelbach until after it filed its First Amended Complaint. (Doc. # 153 at 5.) Merkelbach characterizes Fidelity's position as an "attempt[] to capitalize on its misrepresentation to the Court that discovery was halted by refusing Merkelbach the opportunity to submit timely responses to Plaintiff's Requests for Admissions." (*Id*. at 5-6.) Merkelbach represents that if permitted, she will respond to all of the outstanding discovery. (*Id*. at 6.)

## II. DISCUSSION

Federal Rule of Civil Procedure 36(a) permits "[a] party to serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. (a)(1).

The rule further provides: "A matter is admitted unless, within 30 days after being served" the responding party serves a written answer or objection. Fed. R. Civ. P. 36(a)(3). The rule allows for the period of time to respond or object to be extended by stipulation or court order.

A court order to deem unanswered admissions "admitted" is unnecessary:

> Recognizing the unavailability of a motion to compel answers to the requests for admissions, the Plaintiff seeks an order from the Court confirming that the matters in the requests for admission are deemed admitted. Rule 36 does not require a motion for the Court's imprimatur on the unanswered requests for admission. The rule is self-executing. Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial ¶ 11:812 (The Rutter Group 1997). A motion to establish or affirm the admissions upon a party's failure to admit or object is unnecessary under Rule 36(a). The resources of the parties and the Court should be devoted to other pursuits in the case.

*American Technology Corp. v. Mah*, 174 F.R.D. 687, 690 (D. Nev. 1997).

Here, Merkelbach failed entirely to serve responses or objections to Fidelity's requests for admission. Merkelbach did not obtain a stipulation to extend the deadline to respond to the requests; nor did she seek a court order extending the time. Therefore, by operation of Federal Rule of Civil Procedure 36(a)(3), the matters in the requests were deemed admitted upon the expiration of thirty days after she was served with the requests.

Nevertheless, Rule 36 also provides that "[a] matter admitted under this rule (which therefore includes an admission by operation of law as has occurred here) is conclusively established unless the

3

court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). The rule goes on to state: "Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits..." *Id.* Merkelbach, by her own motion (Doc. # 142), seeks to withdraw the admissions which were triggered by the effect of the "automatically-admitted" provisions of Rule 36(a)(3).

It is "because requests for admissions have a binding effect on the parties" that Rule 36(b) contains a "potential safe harbor." *Conlon*, 474 F.3d at 622.

A motion to withdraw an admission is discretionary with the court. *Conlon v. U.S.*, 474 F.3d 616, 621 (9th Cir. 2007). It is permissive, and not mandatory. *Id.* (citing *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1248 (9th Cir. 1981)). Still, the two factors in Rule 36(b) are central to the court's analysis. *Conlon*, 474 F.3d at 625. The court may consider other factors, such as whether the moving party can show good cause for the delay. *Id.* That said, "'a court should not go beyond the necessities of the situation to foreclose the merits of controversies as punishment.'" *Hadley v. U.S.*, 45 F.3d 1345, 1350 (9th Cir. 1995) (citation omitted).

"The first prong [of Rule 36(b)'s test for withdrawal of an admission], which essentially asks if allowing the withdrawal will aid in the resolution of the case, favors allowing defendants to withdraw the admissions." *Gallegos v. City of Los Angeles*, 308 F.3d 987, 993 (9th Cir. 2002). This first prong "is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." *Conlon*, 474 F.3d at 622 (internal quotation marks omitted).

The requests for admission served on Merkelbach appear to go to the heart of Fidelity's case against Merkelbach. (*See* requests for admission at Doc. # 147 at 11-12.) Therefore, withdrawal of the admissions would aid in the resolution of the case on its merits, while upholding the admissions would likely eliminate the presentation of the merits of the case as far as Merkelbach is concerned. Therefore, this prong weighs in favor of a withdrawal of the admissions.

Under the second prong, the propounding party must establish it will suffer prejudice if the admissions are allowed to be withdrawn. "'The prejudice contemplated by Rule 36(b)...relates to the difficulty a party may face in proving its case,' including problems 'caused by the unavailability of key

4

witnesses,' or 'the sudden need to obtain evidence with respect to the questions previously deemed admitted.'" *Id.* (quoting *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995)); see also *Conlon*, 474 F.3d at 622. Inconvenience does not amount to prejudice. *See Conlon,* 474 F.3d at 622-23.

"When undertaking a prejudice inquiry under Rule 36(b), district courts should focus on the prejudice that the nonmoving party would suffer at trial." *Id.* at 623 (citing *Sonoda v. Cabrera*, 255 F.3d 1035, 1039-40 (9th Cir. 2001)). *Conlon* pointed to *Sonoda*, where the court granted the motion to withdraw the admissions because it was made before trial and the propounding party would not have been hindered in presenting its evidence, and *Hadley*, which focused on the unavailability of key witnesses and sudden need to present evidence. The Ninth Circuit has held that "reliance on a deemed admission in preparing a summary judgment motion does not constitute prejudice." *Conlon*, 474 F.3d at 623. The Ninth Circuit likewise concluded that when deemed admissions resulted in another party choosing not to engage in other discovery, it did not amount to prejudice. *Id.* It specifically noted that under those circumstances, the district court has the option of re-opening discovery, and reiterated that the prejudice must relate to the hardship the party will suffer in proving its case at *trial*. *Id.*

As to the prejudice prong of the court's analysis, the court finds that Fidelity would not suffer prejudice in presenting its case at trial if Merkelbach is permitted to withdraw the admissions. The court has just recently issued an order in this case vacating the pretrial conference and trial dates. (Doc. # 163.) A new party has recently been added, and while it has not currently extended or stayed discovery, the court advised the parties it would set a discovery status conference to discuss whether certain discovery deadlines need to be extended. (*Id*.) Moreover, Fidelity did not assert a single argument in its responsive brief that it would be prejudiced as a result of a withdrawal of the admissions. It did not argue it would face any difficulty in proving its case as a result of a withdrawal of the admissions. Nor did it cite any problems such as the unavailability of key witnesses or the sudden need to obtain evidence if the admissions are withdrawn. Therefore, it cannot be said Fidelity will suffer any prejudice in its ability to present its case at trial if the admissions are withdrawn.

The court is troubled, however, with Merkelbach's interpretation of Fidelity's representation that discovery was halted in its brief opposing the motion to dismiss, particularly because regardless of what Fidelity represented, Merkelbach had to be aware that no discovery stay had in fact been entered by the

5

court. In addition, this interpretation of Fidelity's representation should have been questioned by Merkelbach when she received the propounded discovery two days after Fidelity made that representation. At the very least, Merkelbach should have contacted Fidelity to confirm her interpretation of Fidelity's remarks or, if she found out that was not in fact Fidelity's position, she should have requested any necessary extension of time to serve her responses. Nevertheless, central to the court's inquiry are the two factors set forth in 36(b), and as the court stated above, both of these factors weigh in favor of granting Merkelbach's motion to withdraw the admissions.

The court has concluded that Merkelbach's request to withdraw her admissions under Rule 36(b) should be granted, and will order, *infra*, that she must provide responses within thirty days of the date of this order. Now the court must address whether Merkelbach, in serving her responses, may assert any objections, or whether such objections were waived when she failed to timely serve responses and/or objections in the first instance.

While Rule 36 does not contain a provision that untimely objections result in a waiver as does Rule 33, courts have interpreted Rule 36 as impliedly containing such a provision. *See, e.g., Apple, Inc. v. Samsung Electronics Co., Ltd.*, No. C 11-cv-1846 LHK (PSG), 2012 WL 952254 at * 2 (N.D. Cal. Mar. 20, 2012) (finding that failure to timely assert objection to request for admission resulted in waiver of objection); *Osborn v. Bartos*, No. CV-08-2193-PHX-ROS (JRI), 2010 WL 3809847 at * 6 (D. Ariz. Sept. 20, 2010) (finding that because responses to requests for admission were untimely requests were deemed admitted and objections asserted in belatedly served responses were waived).

Therefore, when Merkelbach serves her responses to the requests for admission, she must respond by either admitting, specifically denying, or stating in detail why she cannot truthfully admit or deny the matter, in accordance with Rule 36(a)(4). She may state lack of knowledge as a reason for failing to admit or deny the request only if she states she has made a reasonable inquiry into the matter and "information [she] knows or can readily obtain is insufficient to enable [her] to admit or deny." Fed. R. Civ. P. 36(a)(4). Any objections she may have otherwise asserted in a timely response to the requests have been waived.

### III. CONCLUSION

In sum, Merkelbach's request that the admissions be withdrawn pursuant to Rule 36(b) (set forth

in Doc. # 142) is **GRANTED**. The admissions are therefore **WITHDRAWN**. Merkelbach shall provide responses to the requests for admission within thirty days of the date of this order in accordance with Rule 36(a)(4). Any objections she may have otherwise asserted are deemed waived.

**IT IS SO ORDERED.**

DATED: March 21, 2014

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE