UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

FIDELITY NATIONAL TITLE INSURANCE COMPANY,

    Plaintiff,

vs.

TAHOE REGIONAL PLANNING AGENCY, et al.,

    Defendants.

AND RELATED CROSS CLAIMS

3:11-cv-00444-RCJ-WGC

**ORDER**

re: Motion to Compel Discovery and for Sanctions

Doc. # 148

Before the court is the Motion to Compel Discovery and for Sanctions of Plaintiff Fidelity National Title Insurance Company, successor-in-interest to Lawyers Title Insurance Corporation (Fidelity). (Doc. # 148.)[1] Defendants Jean Merkelbach, individually, as Trustee of the Rockwell 1997 Trust, and as Trustee of the SES Trust (collectively, Merkelbach) filed a response. (Doc. # 154.) Fidelity filed a reply. (Doc. # 156.)

**I. BACKGROUND**

On November 27, 2013, Fidelity served Merkelbach with interrogatories, requests for admission, and requests for production of documents. (Doc. # 148 at 3 ¶ 3; Doc. # 148-1 (interrogatories); Doc. # 148-2 (requests for admission); Doc. # 148-3 (requests for production).) The responses were due on or before December 30, 2013. *See* Fed. R. Civ. P. 33, 34, 36; Fed. R. Civ. P. 6(d) (and adding three days to the deadline for responses because the discovery was served via mail).

---
[1] Refers to court's docket number.

Merkelbach did not contact Fidelity to request an extension of time to provide responses, and the response deadline came and went without Merkelbach serving any responses. (Doc. # 148 at 3 ¶¶ 5-6.)

Counsel for Merkelbach did contact Fidelity's counsel, ten days after the responses were due, on January 9, 2014, to discuss the responses. (Doc. # 148 at 4 ¶8.) Merkelbach believed she was not required to respond to the discovery because of a representation made in Fidelity's opposition to Merkelbach's motion to dismiss that discovery had been "halted" by the filing of the motion to dismiss. (Doc. # 148 at 4 ¶¶ 9-11.)

In fact, no stay of discovery had been entered by the court. Moreover, Fidelity's counsel advised Merkelbach's counsel that the reference to the "halt" in discovery "merely referred to the fact that in preparing an opposition to Merkelbach's motion to dismiss, [Fidelity] had to divert [its] efforts from conducting discovery and, instead, focus on responding to the motion." (Doc. # 148 at 4 ¶ 12.) Importantly, Merkelbach made no effort to contact Fidelity about this assumption *prior* to the time the responses to discovery were due. In addition, Merkelbach should have questioned her assumption when the discovery propounded by Fidelity was served *after* the purported representation of a stay of discovery was made. Therefore, Fidelity correctly took the position that Merkelbach's responses were past due.

When Fidelity's position became clear, Merkelbach filed a motion to stay discovery (Doc. # 142) and a request to withdraw the admissions which became effective by operation of Rule 36 when Merkelbach failed to timely provide responses (Doc. # 147). Fidelity likewise sought an enlargement of discovery deadlines and to continue the calendar call and trial date in this action. (Doc. # 137.) In addition to opposing Merkelbach's motions, Fidelity also subsequently filed the instant motion to compel. (Doc. # 148). To date, Merkelbach has not provided responses to the discovery.

The court recently issued an order denying Merkelbach's motion to stay discovery. (Doc. # 163.) The court denied Fidelity's motion to enlarge the discovery deadlines, instead stating that the court would set a discovery status conference once the recently served party, Oakbrook, has entered an appearance. (*Id.*) The court did, however, vacate the calendar call and trial dates. (*Id.*) In addition, the court has concurrently issuing an order granting Merkelbach's request to withdraw her admissions. (Doc. # 164.) The court will now address Fidelity's motion to compel.

## II. DISCUSSION

### A. REQUESTS FOR ADMISSIONS

As indicated above, the court has concurrently issued an order granting Merkelbach's request to withdraw her admissions. (Doc. # 164.) To the extent Fidelity argues in *this* motion to compel that the requests be deemed admitted (Doc. # 148 at 18-19), such a motion is unnecessary, as the portion of Rule 36 deeming matters admitted upon failure to timely serve responses and/or objections is self-executing. *See, e.g., American Technology Corp. v. Mah*, 174 F.R.D. 687, 690 (D. Nev. 1997).

The parties can review the court's rationale for its decision to withdraw the admissions in that order. Suffice it to say that the admissions have been withdrawn, and Merkelbach is required to provide responses (without objections, which have been waived) to the requests for admissions within thirty days.

Because the court has granted the request to withdraw the admissions, Fidelity will not be awarded fees or expenses associated with the requests for admissions in bringing this motion to compel.

### B. INTERROGATORIES AND REQUESTS FOR PRODUCTION

**1. Fidelity's Motion to Compel Merkelbach to Provide Responses to Its Interrogatories and Requests for Production of Documents**

It is undisputed that Merkelbach has failed to serve responses to Fidelity's interrogatories or requests for the production of documents. As justification for this failure, Merkelbach states that she was under the assumption, based on a representation made by Fidelity in its brief opposing her motion to dismiss, that discovery had been stayed. As the court explained, *supra*, Merkelbach's assumption was not reasonable. In fact, the court had not entered a stay of discovery. If Merkelbach thought Fidelity was implying this was the case, the proper course of action would have been to contact Fidelity and ask whether discovery had actually been stayed *prior* to the time the responses were due. In addition, as the court mentioned, *supra*, Merkelbach should have questioned this assumption when the discovery was propounded by Fidelity *after* the representation regarding a halt of discovery was purportedly made. Instead, Merkelbach waited until ten days after the deadline to serve responses had passed to inquire about the discovery.

1  Federal Rule of Civil Procedure 37 permits a party, after certifying it has met and conferred in
2  good faith to resolve the issue, to move for an order compelling responses to discovery. Fed. R. Civ. P.
3  37(a)(1), (3)(B)(iii) and (iv). (Doc. # 148 at 3-6.)
4  Because Merkelbach failed to respond to Fidelity's interrogatories and requests for production
5  of documents, Fidelity's motion to compel responses to that discovery is granted. Merkelbach shall have
6  thirty days from the date of this order to serve responses.

**2. Waiver of Objections**

As part of the relief requested in its motion, Fidelity asks that the any objections Merkelbach may have otherwise asserted to the discovery be deemed waived. (Doc. # 148 at 20:24.)

**a. Interrogatories**

Federal Rule of Civil Procedure 33, governing interrogatories, discusses objections and provides: "The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a *timely* objection is *waived* unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4) (emphasis added); *see also Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that failure to object to discovery requests within the time required constitutes a waiver of any objection.").

It is undisputed that Merkelbach failed to timely respond and/or object to Fidelity's interrogatories. Therefore, any objections she could have asserted to the interrogatories are waived unless she can establish good cause for the failure. The court finds there is no good cause excusing Merkelbach's failure to timely assert responses and/or objections to Fidelity's interrogatories. As stated *infra*, Merkelbach unjustifiably relied on her assumption that discovery was stayed based on a statement made in Fidelity's brief. She failed to acknowledge that the court had not entered a stay of discovery. She did not question this assumption when Fidelity propounded its discovery *after* it made this statement. Nor did she contact Fidelity to ascertain whether her assumption was in fact correct. Instead, she waited until ten days after the responses were due to raise the issue. Under these circumstances, good cause does not exist to excuse the failure to timely respond or object to the discovery propounded by Fidelity. Accordingly, any objections she may have otherwise asserted to the interrogatories have been waived.

4

1    Merkelbach's approach to her failure to respond to discovery was to file a motion to stay
2 discovery. (Doc # 142.) The motion was largely predicated upon (1) the statement of Fidelity's counsel
3 discovery was supposedly stayed, when there unequivocally was no order to that effect; and (2) that
4 because her motion to dismiss eliminated the "fraud" causes of action in Fidelity's First Amended
5 Complaint, discovery should be stayed on that subject. However, as this court previously noted in its
6 order at Doc. # 163, the second rationale "evaporated" when Fidelity (upon leave of court; Doc . # 141
7 at 9), six days later filed its Second Amended Complaint. (Doc. # 144.) Merkelbach chose not to contest
8 the amended "fraud" averments through a motion to dismiss but rather answered the Second Amended
9 Complaint. (Doc. # 152.) By so doing, she at least tacitly admitted discovery into the subject of the
10 alleged fraud would be a legitimate area of inquiry for discovery. Whatever good cause was attendant
11 to the motion to stay discovery no longer existed after Merkelbach answered the Second Amended
12 Complaint–but even then undertook no apparent effort to respond to Fidelity's discovery.

### b. Requests for Production of Documents

Federal Rule of Civil Procedure 34, which governs a request for production of documents, states that responses to a request must be served within thirty days, and shall indicate wither inspection/production will be permitted or state an objection to the request, giving the reasons for the objection. Fed. R. Civ. P. 34(b)(2)(A), (B). If a party wishes to object to a portion of a request, it must specify the part to which it is objecting and then permit inspection/production as to the remaining portion. Fed. R. Civ. P. 34(b)(2)(C).

Rule 34 does not include a corollary to Rule 33(b)(4)'s provision concerning waiver when objections are not timely asserted. Nevertheless, courts have interpreted Rule 34 as impliedly containing a waiver provision consistent with that of Rule 33. *See, e.g., Barlow v. Herman*, No. 2:13-CV-00033-JAD-CWH, 2014 WL 60213 at * 3 (D. Nev. Jan. 6, 2014); *Phelps v. Mc Communications, Inc.*, No. 2:11-cv-00423-PMP-VCF, 2013 WL 3944268 at * 10 (D. Nev. July 22, 2013); *Liguori v. Hansen*, No. 2:11-cv-00492-GMN-CWH, 2012 WL 760747 at * 11 (D. Nev. Mar. 6, 2012); *Brown v. Stroud*, No. C-08-02348-VRW (DMR), 2010 WL 3339524 at * 1 (N.D. Cal. Aug. 24, 2010); *EEOC v. Kovacevich "5" Farms*, No. 1:06-cv-0165-OWW-TAG, 2007 WL 1599772 at * 11 (E.D. Cal. June 4, 2007);

*Blumenthal v. Drudge*, 186 F.R.D. 236, 240 (D.D.C. 1999). This is consistent with *Richmark* which stated generally that the failure to timely respond to discovery resulted in a waiver of objections. Courts have also implied into Rule 34 the provision in Rule 33 that a party failing to timely respond to a request may be relieved of the waiver on a showing of good cause. *See id*.

Merkelbach failed to timely respond and/or object to Fidelity's requests for the production of documents; therefore, any objections she may have otherwise asserted to those requests have been waived. For the same reasons it stated concerning the interrogatories, *supra*, the court concludes Merkelbach has not shown good cause to relieve her of the resulting waiver.

### 3. Request for Fees and Expenses

When a motion to compel is granted, Rule 37 provides that the court "*must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). However, the court must not order the payment of expenses and fees if the failure to respond was "substantially justified" or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii).

In this case, the court has granted Fidelity's motion to compel; therefore, it *must* require Merkelbach or her attorney, or both, to pay Fidelity's reasonable expenses, including fees, incurred in making this motion, unless Merkelbach can demonstrate that her failure to respond was "substantially justified" or entering this award would otherwise be "unjust."

For the reasons the court has reiterated throughout this Order, it does not find that Merkelbach's failure to respond to this discovery was substantially justified or that other circumstances make an award of fees and expenses unjust. Therefore, Fidelity's request that it be reimbursed by Merkelbach (Doc. # 156 at 13) for fees and expenses incurred in bringing the motion, as it relates to the interrogatories and request for production of documents, is granted.

Fidelity has not provided any documentation concerning the amount of fees and expenses it has incurred as a result of having to bring this motion. As such, the court cannot order the payment of a specific sum at this time. Fidelity is directed to submit a declaration outlining the reasonable fees and expenses incurred in connection with this motion. It shall not include fees and expenses incurred in

opposing Merkelbach's motion to stay discovery or request to withdraw her admissions. Fidelity shall submit this documentation within ten days of the date of this order. Merkelbach shall then have seven days from the date Fidelity serves her with its declaration to file and serve a response. Fidelity will have an additional five days to serve and file any reply.

**4. Merkelbach's Deposition**

In its motion, Fidelity also asks for an order compelling Merkelbach to appear for deposition. Fidelity has inappropriately combined this request with its motion to compel responses to the interrogatories and requests for production. Moreover, Fidelity has included no documentation that it has met and conferred in good faith with Merkelbach regarding the issue of her deposition. Therefore, to the extent Fidelity seeks an order compelling Merkelbach's deposition in this motion, that request is denied because of Fidelity's failure to adhere to the meet and confer requirement attendant to Rule 37. The parties are directed to meet and confer in good faith on this issue. If the parties cannot come to an agreement, Fidelity is permitted to bring a motion to compel the deposition. Presumably, however, the parties will be ale to reach agreement on the logistics for Ms. Merkelbach's deposition.

**5. Discovery Deadlines**

Finally, the court will address Fidelity's request that the court "extend the discovery deadlines to permit Plaintiff adequate time to complete its discovery." (Doc. # 148 at 21:1-2.)

The court recently issued an order ruling on Fidelity's motion to enlarge discovery time limits and continue the calendar call and trial date as well as Merkelbach's motion to stay discovery. (Doc. # 163.) The court denied Merkelbach's motion to stay discovery, and granted in part and denied in part Fidelity's motion. (*Id*.) The court vacated the June 9, 2014 calendar call and June 17, 2014 trial date. (*Id*.) With respect to discovery deadlines, the court declined to continue any dates at that point, but stated that when recently served defendant Oakbrook appeared in the matter, it would schedule a discovery status conference to address what new discovery deadlines should be adopted. (*Id*.)

The court declines to set any new discovery deadlines at this point, and instead will wait until it holds a discovery status conference so that all parties in the case have an opportunity to be heard on this matter. Fidelity is assured, however, that discovery will be re-opened for at least the limited purpose of allowing it to complete Merkelbach's deposition and to bring any necessary motion relating to

Merkelbach's forthcoming responses to the discovery propounded by Fidelity. It can raise the issue of any other required extensions of deadlines at the time of the discovery status conference.

### III. CONCLUSION

The relief requested in Fidelity's motion (Doc. # 148) is **GRANTED IN PART AND DENIED IN PART**, as follows:

(1) Fidelity's motion to compel Merkelbach to respond to its interrogatories and requests for production of documents is **GRANTED**. A separate order has been issued addressing the requests for admission, which have been withdrawn, and Merkelbach has been required to provide responses (without objections) within thirty days of the date of that order. (See Doc. # 164.) Merkelbach shall serve responses to Fidelity's interrogatories and requests for admission within **THIRTY DAYS** of the date of this order. Any objections she may have otherwise asserted to the interrogatories and requests for production of documents have been **WAIVED**.

(2) Fidelity's request that it be reimbursed by Merkelbach for fees and expenses incurred in bringing the motion, as it relates to the interrogatories and request for production of documents is **GRANTED**; however, the court is without sufficient information to determine the precise amount of fees and expenses to which Fidelity is entitled. Therefore, Fidelity shall submit within **TEN DAYS** of the date of this order a declaration substantiating its request for reimbursement of fees and expenses incurred in connection with bringing this motion to compel. Merkelbach shall file and serve any response to the declaration within **SEVEN DAYS** of Fidelity serving it with the declaration. Fidelity may file and serve any reply within **FIVE DAYS** of being served with Merkelbach's response, if any.

(3) Fidelity's request for an order compelling Merkelbach's deposition is **DENIED**. The parties are directed to meet and confer in good faith regarding this issue, and if the parties cannot come to an agreement, Fidelity is permitted to bring a motion to compel the deposition.

///
///
///
///
///

(4) The court declines to set any new discovery deadlines at this juncture. It will hold a discovery status conference once recently served defendant Oakbrook enters an appearance. Fidelity is assured that discovery will be re-opened for at least the limited purpose of allowing it to complete Merkelbach's deposition and to bring any necessary motion related to Merkelbach's forthcoming responses to the discovery propounded by Fidelity.

**IT IS SO ORDERED.**

DATED: March 25, 2014.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE