UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FIDELITY NATIONAL TITLE INSURANCE COMPANY, successor-in-interest LAWYERS TITLE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>TAHOE REGIONAL PLANNING AGENCY, et al.,<br><br>Defendants.<br><br>AND RELATED CROSS CLAIMS | 3:11-cv-00444-RCJ-WGC<br><br>**ORDER RE AWARD OF EXPENSES FOR DISCOVERY VIOLATION** |

Before the court is Plaintiff's counsel's Declaration regarding Plaintiff's Request for "Sanctions" (Doc. # 166)[1], Defendants' Response (Doc. # 167) and Plaintiff's Reply (Doc. #171).

**I.
BACKGROUND**

On March 25, 2014, this court entered a comprehensive order addressing the discovery dispute between Plaintiff Fidelity National Title Insurance Company and Defendant Jean Merkelbach, individually, and as Trustee of the Rockwell 1997 Trust and as Trustee of the SES Trust, Rockwell Lot, LLC, a Nevada Limited Liability Company (collectively, Merkelbach). (Doc. # 165.) Without reiterating the court's analysis and resolution of the discovery dispute, the court found the Defendant's failure to respond was not substantially justified and required Merkelbach to answer Plaintiff's discovery.

---
[1] Refers to court's docket number.

## II.
## LEGAL STANDARD
### Fed. R. Civ. P. 37(a)(5)(A)

If a motion to compel is granted, the prevailing party is entitled to an award of "reasonable expenses incurred in making the motion, including attorneys fees." Rule 37(a)(5)(A). Exceptions to this otherwise mandatory requirement are if the movant failed to attempt to first informally resolve the discovery dispute (37(a)(5)(A)(i); whether the opposing party's non-disclosure was "substantially justified" (37(a)(5)(A)(ii); or if other circumstances exist which would make the award of expenses "unjust." 37(a)(5)(A)(iii). Unless one of the three enumerated exceptions is found to exist, the award of such expenses is mandatory: "...the court must...require the party...whose conduct necessitated the motion...to pay the movant's reasonable expenses... ." (37(a)(5)(A).

This court in its discovery order determined that Merkelbach's failure to respond to the discovery was not substantively justified. The court also determined that holding Merkelbach responsible for Plaintiff's expenses would not be "unjust." (Doc. # 165 at 6.)[2]

## III.
## DISCUSSION

Initially, the court notes Plaintiff's underlying motion to compel sought sanctions against Defendants. (Doc. # 148 at 2.) Plaintiff's Declaration of Counsel also references an award of sanctions. (Doc. # 166.) The monetary reimbursement contemplated by Rule 37(a)(5)(A) is not couched in terms of sanctions, but rather paying a successful movant's reasonable expenses–including attorney's fees–incurred in making the motion.

The issue before the court at this time is whether the amount of expenses sought by Plaintiff, i.e., $2,607.00, is reasonable. (Doc. # 166 at 2-3; Doc. # 171 at 3-4.) After a careful review of Plaintiff's Declarations (Doc. ## 166, 171) and consideration of Merkelbach's opposition (Doc. # 167), the court concludes that an award of fees Plaintiff incurred in pursuing the motion to compel is justified and that

---

[2] Much of Merkelbach's opposition reargues whether her refusal to respond to discovery was substantially justified or whether any award against her reimbursing Plaintiff for its fees and costs would be unjust. (Doc. # 167 at 2-4.) The court has already addressed those issues and found adverse to Merkelbach. (Doc. # 165 at 6:20-24.) Thus, the court will not again address those matters.

1  the amount of $2,607.00 is reasonable.

2  Although this court determined Merkelbach's failure to respond to Plaintiff's discovery was not
3  "substantially justified" (Order, Doc. # 165 at 6), the court nevertheless granted Merkelbach's motion
4  (Doc. # 142 at 7-9) to withdraw her admissions. (Doc. # 164.)[3] Because the court granted the request to
5  withdraw the admissions, the court also determined Fidelity would not be awarded "fees or expenses
6  associated with the requests for admissions in bringing this motion to compel" (Order, Doc. # 165 at 3),
7  nor would Fidelity be allowed to recover its expenses in opposing Merkelbach's motion to stay. (*Id*. at
8  7.)

9  Accordingly, the court must determine first whether Plaintiff's request for expenses are
10 appropriately verified, and secondly, whether Fidelity's request for expenses has satisfactorily "carved
11 out" the time apportioned in the Fidelity filings relative to the requests for admissions or in opposing
12 Merkelbach's motion to stay discovery.

13 The initial Wang Declaration states, under penalty of perjury, that the amount of fees incurred
14 in the discovery dispute did <u>not</u> include the amount of time spent in preparing the opposition as well as
15 all arguments in both the Motion and Reply unrelated to compelling responses to Plaintiff's
16 interrogatories and requests for production. Doc. # 166, ¶8 at 2-3.) The Declaration also itemized the
17 time spent in researching and drafting the motion and in the preparation of Plaintiff's Reply. (*Id*. at ¶ 7.)

18 Defendants' Response challenges Ms. Wang's representation as she did not "include any billings
19 or other tangible evidence of fees and expenses" and that "[w]ithout such evidence, the court cannot
20 evaluate the reasonableness of the time spent and thus should decline to award any fees and expenses."
21 (Doc. # 167 at 4.)

22 Fidelity's Reply Memorandum incorporates another declaration of Ms. Wang. (Doc. # 171 at
23 3-4.) It provides greater itemization of the time Ms. Wang invested in the preparation of the filings. (*Id.*
24 at ¶¶ 3-7.) The Declaration essentially reiterates Plaintiff's position that the hours identified excluded
25 any work on the opposition and requests for admissions. (*Id*. at 3-4.) Fidelity's reply also notes Ms. Wang

---

[3] However, the court also required Merkelbach to respond to the Plaintiff's Request for Admissions within 30 days of the date of the court's order. (Doc. # 164 at 6.) The court additionally found Merkelbach waived any ability to assert objections to Plaintiff's Request for Admissions. (*Id*. at 6.)

1  works as in-house litigation counsel and as such does not generate billing statements. (*Id.* at 7.) Fidelity
2  also cites case authority[4] which finds Rule 37(a) expenses should not be denied a party simply because
3  counsel for the party works "in-house." The court agrees with this analysis, particularly since the
4  provisions of Rule 37(a)(5)(A) are mandatory.

5      The court finds that the amount of time Plaintiff has apportioned to the components of the motion
6  to compel for which this court has allowed fees to be recovered, 15.80 hours, and the hourly rate
7  ($165.00), to be reasonable. Under Rule 37(a)(5)(A), expenses of $2,607.00 should be awarded as
8  reimbursement.

9      Defendant Jean Merkelbach, individually, and as Trustee of the Rockwell 1997 Trust and as
10 Trustee of the SES Trust, Rockwell Lot, LLC, a Nevada Limited Liability Company, is ordered to
11 reimburse Plaintiff Fidelity National Title Insurance Company the sum of **$2,607.00** within **thirty (30)**
12 **days** of the date of this Order.

13 IT IS SO ORDERED.

14 DATED: April 25, 2014.

                                                                     */s/ William G. Cobb*
                                                             WILLIAM G. COBB
                                                             UNITED STATES MAGISTRATE JUDGE

---

[4] *Central States, Southeast & Southwest Areas Pension Fund v. Central Cartage Co., 76 F.3d 114, 116* (7th Cir. 1996); cf. *Board of Trustees of Hotel and Restaurant Employees Local 25 v. JPR, Inc.*, 136 F.3d 794, 804-05 (D.C. Cir. 1998); *Blum v. Stenson* 465 U.S. 886, 893-95, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984).