# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| FIDELITY NATIONAL TITLE INSURANCE CO., <br><br> Plaintiff, <br><br> vs. <br><br> TAHOE REGIONAL PLANNING AGENCY et al., <br><br> Defendants. | 3:11-cv-00444-RCJ-WGC <br><br> **ORDER** |

This declaratory judgment action arises out of uncertainty in the priority of liens against real property in Nevada after a complex series of transactions, as well as Defendant Tahoe Regional Planning Agency's ("TRPA") refusal to recognize the existence of one of the real estate parcels at issue for the purposes of development under the Tahoe Regional Planning Compact (the "Compact") after the subject parcel was created by a state court judge in Nevada pursuant to a settlement agreement in a previous action. Pending before the Court is a Motion for Relief Under Rule 36(b) (ECF No. 147). For the reasons given herein, the Court denies the motion.

## I.   FACTS AND PROCEDURAL HISTORY

### A.   Creation of the Parcels

On September 19, 2000, a judge of the Ninth Judicial District Court in Nevada issued a stipulation and order (the "State Court Order") in a case called *Harvey v. Smittkamp*, No. 99-CV-

00305-DC, splitting a parcel of real estate (the "Former Parcel") into two parcels, Parcel 008 and Parcel 009 (collectively, the "New Parcels"). (Compl. ¶¶ 7–9, June 22, 2011, ECF No. 1-1). The State Court Order was recorded with the Douglas County Recorder's Office, with a survey of the New Parcels attached thereto, and the Douglas County Assessor thereafter identified Parcels 008 and 009 as APN: 1418-03-301-008 and -009, respectively, and assessed taxes against them. (*See id.* ¶¶ 10–12).

### B.     Encumbrances upon the Parcels

The New Parcels (previously the Former Parcel) were owned by the Rockwell 1997 Trust (the "Trust"), with trustees Chad Smittkamp and Jean Merkelbach, who had been parties to the *Harvey* case. (*See id.* ¶¶ 5, 7, 13). During the real estate boom, the New Parcels experienced what can only be described as an orgy of encumbrances.

On November 14, 2003, separate deeds of trust were recorded against Parcel 008 and Parcel 009, both securing a single loan for $252,000 from Novasel & Schwarte Investments, Inc., d.b.a. Western Highland Mortgage Co. ("WHMC"). (*Id.* ¶¶ 13–15). A Release Agreement recorded as an attachment to the deed of trust against Parcel 009 provided that WHMC would release the deed of trust against Parcel 009 once the loan from WHMC was secured by a first-position deed of trust against Parcel 008. (*See id.* ¶ 17). At the time WHMC's deeds of trust were recorded, Parcel 009 was already encumbered by two deeds of trust, putting the deed of trust against Parcel 009 in favor of WHMC in third position. (*Id.* ¶ 16). The first-position deed of trust against Parcel 009 secured a $2,000,000 debt to Washington Mutual Bank ("WaMu"), and the second-position deed of trust against Parcel 009 secured a $200,000 debt to Anne Marie Rehberger as trustee of the Rehberger Family Trust. (*Id.*). The WaMu and Rehberger debts were subsequently satisfied, and the respective deeds of trust reconveyed, on unspecified dates, putting the WHMC deeds of trust in first position. (*See id.*).

On March 9, 2004, the Trust gave WaMu a deed of trust against Parcel 009 to secure a

$2,500,000 loan. (*See* ¶ 18). On March 24, 2004, WHMC caused to be recorded a "Partial Reconveyance" of its deed of trust against Parcel 009, the intent of which was apparently to reconvey the deed of trust against Parcel 009 pursuant to the Release Agreement, conditioned upon the valid existence of Parcel 008 under the State Court Order and the vitality of its deed of trust against Parcel 008. (*See id.* ¶ 20).[1]

On April 20, 2004, the Trust gave the Rehburger Family Trust a deed of trust against Parcel 009 to secure a $450,000 loan. (*Id.* ¶ 19). On December 8, 2004, the Trust gave Acres Corp. a deed of trust against Parcel 009 to secure a $120,000 loan. (*Id.*). The Rehburger and Acres debts were subsequently satisfied, and the respective deeds of trust reconveyed, on unspecified dates. (*See id.*).

On January 27 and April 20, 2005, the Trust gave CitiMortgage deeds of trust against Parcel 009 to secure two loans of unspecified amounts. (*See id.* ¶¶ 21–22). The Trust later refinanced the first CitiMortgage mortgage with CitiMortgage on December 6, 2005, recording a subordination agreement indicating that the December 2006 mortgage with CitiMortgage was prior to the April 2005 mortgage with CitiMortgage in case there were any doubt about subrogation via the refinance. (*See id.* ¶ 23).

On October 30, 2006, the Trust refinanced the 2003 loan from WHMC for $500,000 with Western Highland Mortgage Fund I ("WHMF-I"), with some additional cash-back, giving WHMF-I a deed of trust against unspecified real estate. (*See id.* ¶¶ 25–26). WHMF-I expected when it gave the Trust the loan, and believes today, that it is equitably subrogated to WHMC's first-position lien against the New Parcels. (*See id.* ¶ 27).

Further complicating matters, although the Douglas County Assessor recognizes Parcel 008 as a legal parcel, TRPA refuses to. (*Id.* ¶ 29). This fact may make title to Parcel 008

---

[1] In other words, WHMC's intent was to (re)convey its deed of trust against Parcel 009 to the Trust not in fee simple absolute, but in fee simple *defeasible*, with the possibility of reverter if Parcel 008 were ever determined to be invalid.

unmarketable, diminishing its value, as TRPA presumably has what amount to zoning powers over land within its jurisdiction for the purposes of a marketability analysis.

### C. The Present Action

WHMF-I sued TRPA, CitiMortgage, Rockwell Lot, LLC, Smittkamp and Merkelbach, individually and as trustees of the Trust, and Merkelbach, as trustee of the SES Trust, in state court, seeking a declaration that Parcel 008 is a legal parcel, a declaration as to the priority of liens against the New Parcels or the Former Parcel, and judicial foreclosure of any parcels against which it may have such remedy based upon the answers to the preliminary questions. Defendants removed. Merkelbach, both individually and in her capacities as trustee for the Trust and the SES Trust, filed a Crossclaim against TRPA for a declaration that TRPA must recognize Parcel 008, that she may construct a single-family home on Parcel 008, and for damages. CitiMortgage included a Counterclaim and Crossclaim in its Answer for declaratory relief, quiet title, and equitable subrogation. CitiMortgage has since filed an Amended Crossclaim.

The case was originally assigned to Judge Larry R. Hicks but was later transferred to Judge Edward C. Reed. Judge Reed denied CitiMortgage's motion to dismiss and granted TRPA's motion for judgment on the pleadings as against Merkelbach's Crossclaim, but not as against WHMF-I's claim. (*See* Order, Aug. 7, 2012, ECF No. 63). Judge Reed noted that the Compact is an interstate compact between Nevada and California that had been approved by Congress, that TRPA had certain zoning powers thereunder, and that property owners within TRPA's jurisdiction must obtain TRPA's permission to subdivide their properties. (*See id.* 8–9). Merkelbach had applied to TRPA to subdivide the Former Parcel into Parcel 008 and 009 after the State Court Order had already accomplished this in the eyes of Douglas County. (*See id.* 9). TRPA denied the request under TRPA regulations. (*Id.*). The TRPA Governing Board upheld the ruling upon Merkelbach's appeal after a hearing at which she was represented by counsel. (*Id.*). Merkelbach did not seek judicial review within sixty (60) days, as permitted under Article


XI of the Compact. (*Id.* 9–10). Judge Reed ruled that therefore Merkelbach, but not WHMF-I, was barred from bringing a claim against TRPA over its refusal to recognize Parcel 008 and dismissed the Crossclaim, but not WHMF-I's claim.

The case was reassigned to this Court. Citimortgage filed a motion for summary judgment, asking the Court to rule that WHMF-I's lien against Parcel 009, if any, was not equitably subrogated to first position ahead of CitiMortgage's own lien against Parcel 009. The Court denied the motion, noting that it was likely that Parcel 008 was a legal parcel for the purposes of state law, if not under TRPA, such that there might be no controversy over Parcel 009 under the relevant deeds. The Court did not at that time directly rule as to whether Parcel 008 was a legal parcel, because no party had asked the Court to so rule. The Court contemporaneously granted WHMF-I's motion to amend the complaint to add a claim against Merklebach and Smittkamp for fraud based upon alleged misrepresentations they made to WHMF-I concerning the disputed legal status of Parcel 008 when negotiating the loan to them from Plaintiff, as well as a claim against Merklebach for breach of contract based upon her refusal to defend and indemnify WHMF-I in the present action. Plaintiff Fidelity National Title Insurance Co. ("Fidelity")[2] filed the First Amended Complaint ("FAC"), including those claims, and Merkelbach asked the Court to dismiss them. The Court granted that motion in part, with leave to amend.

Fidelity filed the Second Amended Complaint ("SAC"). No dispositive motions have been filed against the SAC. After the Court ruled on the motion to dismiss the FAC, but before Fidelity filed the SAC, Merkelbach moved to stay discovery and to withdraw admissions automatically made via her failure to timely deny Fidelity's requests for admission. Fidelity opposed that motion and filed its own motion to compel. The magistrate judge denied the

---

[2]Fidelity is the assignee of former plaintiff Western Highland Mortgage Fund I, LLC's claims and relevant property. (*See* First Am. Compl. ¶¶ 2–3 & n.1, Oct. 22, 2013, ECF No. 117).

motion to stay discovery and four days later granted the motion to compel in part.  In neither of those orders did the magistrate judge directly rule on the request for relief under Rule 36(b) that Fidelity had made in its opposition to Merkelbach's motion to stay discovery.  However, the magistrate judge issued a separate order in the interim granting Merkelbach's request that the admissions be withdrawn. (*See* Order, ECF No. 164).

## II.     DISCUSSION

The magistrate judge's grant of Merkelbach's request to withdraw the admissions implicitly denied Fidelity's request in Motion No. 147 that the things not timely denied be deemed admitted.  Even assuming the request could be retroactively transformed into a motion to set aside the magistrate judge's ruling in Order No. 164 under Rule 72(a), the magistrate judge's ruling was not clearly in error or contrary to law.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Relief Under Rule 36(b) (ECF No. 147) is DENIED.

IT IS SO ORDERED.

Dated this 29th day of September, 2014.

_____
ROBERT C. JONES
United States District Judge